WILLIAM FAULKNER (83385)
SHARON KIRSCH (157157)
GEOFFREY BENTZEL (250073)
McMANIS FAULKNER & MORGAN
A Professional Corporation
50 West San Fernando Street, 10th Floor
San Jose, California 95113
Telephone:   408-279-8700
Facsimile:   408-279-3244
Email:   wfaulkner@mfmlaw.com
         skirsch@mfmlaw.com
         gbentzel@mfmlaw.com

Attorneys for Defendant,
CIPC WORLDWIDE HOLDINGS
CORPORATION

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETSUITE, INC., a California corporation,<br><br>    Plaintiff,<br><br>vs.<br><br>CIPC WORLDWIDE HOLDINGS CORPORATION, a corporation, and DOES One through Ten inclusive.<br><br>    Defendants. | No. 3:07-cv-05235-JL<br><br>**ANSWER OF DEFENDANT CIPC WORLDWIDE HOLDINGS CORPORATION TO COMPLAINT; DEMAND FOR JURY TRIAL** |

## ANSWER

Defendant, CIPC Worldwide Holdings Corporation, a Delaware corporation, ("Defendant" or "CIPC"), on behalf of itself, by and through its attorneys, answers the allegations set forth in the Complaint of Plaintiff, NetSuite, Inc. ("Plaintiff" or "NetSuite") ("Complaint"), and admits, denies and alleges as follows:

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint.

2. Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 2 and on that basis denies the allegations.

3. Defendant denies the allegations of Paragraph 3 of the Complaint. Defendant

avers that its principal place of business is 108 West 13th Street, Suite 200, Wilmington, Delaware 19801.

4. Defendant responds that the allegations contained in Paragraph 4 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant responds that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 4 and on that basis denies the allegations.

5. Defendant responds that the allegations contained in Paragraph 5 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant responds that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 5 and on that basis denies the allegations.

6. Defendant responds that the allegations contained in Paragraph 6 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant avers that jurisdiction is proper in federal court pursuant to 28 U.S.C. sections 1141(b) and 1146(a).

7. Defendant responds that the allegations contained in Paragraph 7 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant avers that jurisdiction is proper in federal court pursuant to 28 U.S.C. sections 1141(b) and 1146(a).

8. Defendant responds that the allegations contained in Paragraph 8 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant responds that the License Agreement ("Agreement") attached as Exhibit A to the Complaint provides that any disputes, actions, claims or causes of action arising out of or in connection with the Agreement (or the services provided by NetSuite) would be subject to the exclusive jurisdiction of the state and federal courts in California. To the extent that Paragraph 8 of the Complaint alleges that Defendant stipulated to venue in the Superior Court of San Mateo County, this allegation is denied. Defendant further responds that

1 venue is proper in this Court pursuant to paragraph 12 of the Agreement.

2          9.     Defendant lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 9 of the Complaint and on that basis denies the allegations.

         10.    Defendant admits that CIPC and NetSuite entered into negotiations for the purchase of NetSuite's Online Application and Professional Services. Defendant further admits that there were extensive communications between the parties which included online demonstrations and oral and written communication. Defendant denies the remaining allegations contained in Paragraph 10.

         11.    Defendant responds that the allegations contained in Paragraph 11 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant admits that the Agreement was executed March 31, 2007 by Defendant and that Estimate No. 58630 was executed by Defendant on March 30, 2007. Defendant further admits that the parties agreed upon a Statement of Work for CIPC dated April 19, 2007. Defendant further admits that an additional Statement of Work and Estimate No. 62644 was executed on May 31, 2007. Defendant admits that it executed Estimate No. 64289. Finally, Defendant admits that on June 29, 2007, the parties executed an amendment to Estimate No. 64289. Defendant denies the remaining allegations contained in Paragraph 11.

         12.    Defendant responds that the allegations contained in Paragraph 12 of the Complaint set forth definitions and therefore no response is required. To the extent a further response is required, Defendant responds that it lacks sufficient knowledge or information to form a belief as to the truth of the allegations contained in Paragraph 12 and on that basis denies the allegations.

         13.    Defendant admits that it was to pay a total fee of $498,266.46 under Estimates Nos. 58630, 62644, and 64289. However, Plaintiff failed to perform its duties under Estimates Nos. 58630, 62644, and 64289. Therefore, Defendant was under no obligation to pay these sums. Accordingly, Defendant denies all allegations or inferences of liability on the part of Defendant that are contained in Paragraph 13.

1  14. Defendant admits the allegations contained in Paragraph 14 of the Complaint.

2  15. Defendant denies the allegations contained in Paragraph 15 of the Complaint.

3  16. Defendant admits the allegations contained in Paragraph 16 of the Complaint.

4  17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

5  18. Defendant admits the allegations contained in Paragraph 18 of the Complaint.

6  19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

7  20. Defendant admits that it was contacted by Plaintiff regarding payment for Invoice No. 78559. Defendant avers that it sent payment for Invoice No. 78559 via wire transfer. Invoice No. 78559 charged Defendant the Canadian Goods and Services Tax (GST). To charge GST, a corporation must be Canadian corporation with a Revenue Canada Business Number. To process the wire transfer, Defendant asked Plaintiff for its Revenue Canada Business Number but Plaintiff never provided one. Defendant denies all remaining allegations contained in Paragraph 20.

21. Defendant denies the allegations contained in Paragraph 21 of the Complaint.

22. Defendant admits that it was contacted by Plaintiff regarding payment for Invoice No. 78559. Defendant avers that it sent payment for Invoice No. 78559 via wire transfer. Invoice No. 78559 charged Defendant the Canadian Goods and Services Tax (GST). To charge GST, a corporation must be Canadian corporation with a Revenue Canada Business Number. To process the wire transfer, Defendant asked Plaintiff for its Revenue Canada Business Number but Plaintiff never provided one. Defendant denies all remaining allegations contained in Paragraph 22.

23. Defendant admits that it was contacted by Plaintiff on July 9, 2007. Defendant further responds that it sent a Termination Letter of Intent to Plaintiff on July 10, 2007. Defendant denies all remaining allegations contained in Paragraph 23.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Defendant denies the allegations contained in Paragraph 26 of the Complaint.

1    27.    Defendant incorporates by reference herein by reference its answers to the allegations of Paragraphs 1 through 26 of the Complaint, as though fully set forth herein.

28.    Defendant denies the allegations contained in Paragraph 28 of the Complaint.

29.    Defendant denies the allegations contained in Paragraph 29 of the Complaint.

30.    Defendant denies the allegations contained in Paragraph 30 of the Complaint.

31.    Defendant denies the allegations contained in Paragraph 31 of the Complaint.

32.    Defendant incorporates by reference herein by reference its answers to the allegations of Paragraphs 1 through 31 of the Complaint, as though fully set forth herein.

33.    Defendant responds that the allegations contained in Paragraph 33 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant admits that there was a valid and binding written contract between Plaintiff and Defendant. Defendant denies the remaining allegations contained in Paragraph 33.

34.    Defendant responds that the allegations contained in Paragraph 34 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant admits that there were obligations under the contract between Plaintiff and Defendant. Defendant denies the remaining allegations contained in Paragraph 34 of the Complaint.

35.    Defendant denies the allegations contained in Paragraph 35 of the Complaint.

36.    Defendant denies the allegations contained in Paragraph 36 of the Complaint.

37.    Defendant incorporates herein by reference its answers to the allegations of Paragraphs 1 through 36 of the Complaint, as though fully set forth herein.

38.    Defendant responds that the allegations contained in Paragraph 38 of the Complaint set forth legal conclusions and therefore no response is required. To the extent a further response is required, Defendant denies the allegations contained in Paragraph 38 of the Complaint.

39.    Defendant denies the allegations contained in Paragraph 39 of the Complaint.

40.    Defendant denies the allegations contained in Paragraph 40 of the Complaint.

**ANSWER TO PRAYERS FOR RELIEF**

1. In response to pages 7 and 8 of the Complaint, paragraphs 1 through 6, these paragraphs constitute prayers for relief and therefore no response is required. Nonetheless, Defendant denies Plaintiff is entitled to any damages, prejudgment interest on any sums, attorney's fees, litigation expenses and/or costs of this suit; and Defendant denies Plaintiff is entitled to any other relief under the Complaint.

**AFFIRMATIVE DEFENSES TO PLAINTIFF'S COMPLAINT**

Defendant alleges the following affirmative defenses with respect to the claims alleged in the Complaint, without assuming the burden of proof where the burden of proof rests on Plaintiffs:

FIRST AFFIRMATIVE DEFENSE

1. Defendant alleges that Plaintiff's Complaint, and each of the purported causes of action contained therein, fails to state facts sufficient to constitute a cause or causes of action against Defendant.

SECOND AFFIRMATIVE DEFENSE

2. Defendant alleges that the alleged damages suffered by Plaintiff, if any, were the sole and proximate result of the willful misconduct of persons, firms, corporations or entities other than this answering Defendant.

THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred, in whole or in part, by the doctrines of estoppel, waiver, laches, and unclean hands.

FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims for relief are moot, and are therefore barred.

FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff has not suffered any loss or harm as a result of any act or omission of Defendant and, therefore, Plaintiff's Complaint against Defendant is barred.

## SIXTH AFFIRMATIVE DEFENSE

6. Plaintiff has failed to mitigate its damages, if any, and therefore Plaintiff's Complaint against Defendant is barred.

## SEVENTH AFFIRMATIVE DEFENSE

7. Any and all claims based on breach of contract, or breach of any alleged or implied covenant of such contract, are barred to the extent that Plaintiff has failed to fulfill its contractual conditions precedent, or its performance of its own implied covenant of good faith and fair dealing.

## EIGHTH AFFIRMATIVE DEFENSE

8. Any relief for the claims asserted in the Complaint is barred and no cause of action is stated because of mutual and/or unilateral mistake of the parties in entering into the agreement described in the Complaint.

## NINTH AFFIRMATIVE DEFENSE

9. Defendant alleges that the Complaint is barred and fails to state a cause of action in that the agreement upon which the Complaint is based has been rescinded.

## TENTH AFFIRMATIVE DEFENSE

10. Defendant alleges that the Complaint is barred in that the execution of the agreement upon which the Complaint is based was procured by unlawful and illegal acts including fraud, intentional and/or negligent misrepresentation.

## ELEVENTH AFFIRMATIVE DEFENSE

11. Defendant alleges that the Complaint is barred in that the agreement was timely cancelled and/or repudiated by Defendant.

## TWELFTH AFFIRMATIVE DEFENSE

12. Defendant alleges that Plaintiff is not entitled to performance by Defendant, because a condition precedent to Defendant's duty to perform has not yet occurred, namely Plaintiff's failure to provide services under the agreement.

1 | RESERVED

2 | 13. Defendant presently has insufficient knowledge or information upon which to form a belief as to whether it may have additional, as yet unstated, affirmative defenses available. Defendant hereby gives notice that it intends to rely upon any other defenses that may become available or apparent during the discovery proceedings in this matter and hereby reserve its right to amend the Answer and to assert any such affirmative defense(s).

## PRAYER FOR RELIEF

WHEREFORE, Defendant prays for judgment as follows:

1. That the Court dismiss Plaintiff's Complaint with prejudice, and order that Plaintiff take nothing by this action, and enter judgment in Defendant's favor.

2. For attorney's fees and costs in defending and resolving the claim of Plaintiff;

3. For such other and further relief as the Court deems just and equitable.

## **DEMAND FOR JURY TRIAL**

To the extent permitted by law, Defendant, CIPC Worldwide Holdings Corporation, respectfully demands a trial by jury in the above-entitled cause.

DATED: October 17, 2007                    McMANIS FAULKNER & MORGAN


/S/ Sharon Kirsch
WILLIAM FAULKNER
SHARON KIRSCH
GEOFFREY BENTZEL

Attorneys for Defendant and
Counterclaimant CIPC Worldwide Holdings
Corporation

---

8
ANSWER OF DEFENDANT CIPC WORLDWIDE HOLDINGS CORP.; DEMAND FOR JURY TRIAL;
CASE NO. 3:07-cv-05235-JL