1  PETER C. McMAHON (State Bar No. 161841)
   PAMELA L. KELLY (State Bar No. 230721)
2  McMAHON SEREPCA LLP
   100 Marine Parkway, Suite 350
3  Redwood Shores, CA 94065-1046
   Tel:  650-637-0600
4  Fax:  650-637-0700

5  Attorneys for Plaintiff
   NETSUITE, Inc.
6

7                UNITED STATES DISTRICT COURT

8                NORTHERN DISTRICT OF CALIFORNIA

9                      SAN JOSE DIVISION

10

11  NETSUITE, INC., a California corporation,    )    **CASE NO**: 3:07-cv-05235-JL
                                                 )
12          Plaintiff,                           )    **PLAINTIFF NETSUITE, INC.'S**
                                                 )    **ANSWER TO DEFENDANT CIPC**
13      vs.                                      )    **WORLDWIDE HOLDINGS**
                                                 )    **CORPORATION'S COUNTERCLAIM**
14                                               )    **AND DEMAND FOR JURY TRIAL**
    CIPC WORLDWIDE HOLDINGS                      )
15  CORPORATION, a corporation, and DOES         )
    One through Ten, inclusive,                  )
16                                               )
                                                 )
17          Defendants.                          )
                                                 )
18  _____

19

20

21

22

23

24

25

26

27

28

1

**ANSWER**

2          Plaintiff and counter-defendant NetSuite, Inc. ("NetSuite" or "Plaintiff"), a

3    California corporation, on behalf of itself, by and through its attorneys, answer the allegations set

4    forth in defendant and counterclaimant CIPC Worldwide Holdings Corporation's ("Defendant"

5    or "CIPC") counterclaim ("the Counterclaim") and admits, denies, and alleges as follows:

6          1.    NetSuite, Inc. responds that the text in lines 1-19 on page one (1) of the

7    Counterclaim requires no response.

8          2.    NetSuite responds that the statement in lines 20-22 on page one (1) of the

9    Counterclaim, which states, "Defendant and Counterclaimant, CIPC Worldwide Holdings

10   Corporation ("CIPC"), Counterclaims against Plaintiff and counterdefendant (*sic*), NetSuite, Inc.

11   ("NetSuite") and alleges as follows:" requires no response.

12         3.    NetSuite responds that the statement in lines 24-26 on page one (1) of the

13   Counterclaim, which states, "CIPC brings these claims for fraud, rescission, promise made

14   without intent to perform, negligent misrepresentation, mistake, breach of contract and breach of

15   the covenant of good faith and fair dealing," requires no response.

16         4.    Answering lines 26-28 on page one (1) of the Counterclaim, which state,

17   "By this action, CIPC seeks all legal and equitable relief to which it may be entitled, including

18   without limitation injunctive and declaratory relief, rescission, compensatory damages, attorney's

19   fees and costs, and prejudgment interest," NetSuite is without sufficient knowledge or

20   information to form a belief as to the truth of the allegations, and on that basis denies each and

21   every allegation contained therein.

22         5.    Answering Paragraph one (1) of the Counterclaim, NetSuite responds that

23   the allegations therein set forth legal conclusions and therefore no response is required.  To the

24   extent that further response is required, NetSuite admits the allegations in Paragraph one (1) of

25   the Counterclaim.

26         6.    Answering Paragraph two (2) of the Counterclaim, NetSuite is without

27   sufficient knowledge or information to form a belief as to the truth of the allegations therein, and

28   on that basis denies each and every allegation contained therein.

1        7.    Answering Paragraph three (3) of the Counterclaim, NetSuite admits that

2    NetSuite is a corporation organized and existing under the laws of the State of California with its

3    principal place of business in San Mateo County, California.

4        8.    Answering Paragraph four (4) of the Counterclaim, NetSuite is without

5    sufficient knowledge or information to form a belief as to the truth of the allegations contained

6    therein, and on that basis denies each and every allegation contained therein.

7        9.    Answering Paragraph five (5) of the Counterclaim, NetSuite admits that it

8    provides Customer Relationship Management, Enterprise Resource Planning, and Web Services

9    Application to commercial customers and that it provides professional services to some of its

10    customers. NetSuite denies each and every remaining allegation in Paragraph five (5) of the

11    Counterclaim.

12        10.    Answering Paragraph six (6), lines 23-24, of the Counterclaim, NetSuite

13    admits that on March 12, 2007, CIPC contacted NetSuite regarding NetSuite's online

14    application. NetSuite denies each and every remaining allegation in lines 23-24 of Paragraph six

15    (6) of the Counterclaim.

16        11.    Answering Paragraph six (6), lines 24-25, of the Counterclaim, which state,

17    "CIPC gathered some information about NetSuite's product and reviewed it for several months,"

18    NetSuite is without sufficient knowledge or information to form a belief as to the truth of the

19    allegations contained in said paragraph, and on that basis denies each and every allegation

20    contained therein.

21        12.    Answering Paragraph six (6), lines 25-27, of the Counterclaim, NetSuite

22    admits that it offered to provide its NetSuite® product to CIPC. NetSuite denies each and every

23    remaining allegation in lines 25-27 of Paragraph six (6) of the Counterclaim.

24        13.    Answering Paragraph six (6), lines 27-28, of the Counterclaim, which state,

25    "NetSuite promotes its platform with the phrase 'One System, No Limits'," NetSuite admits it

26    uses the marketing slogan "One Systems, No Limits." NetSuite denies each and every remaining

27    allegation in lines 27-28 of Paragraph six (6) of the Counterclaim.

28

1          14.   Answering Paragraph seven (7), lines 1-2, of the Counterclaim, NetSuite

2    admits that beginning in approximately March 2007, Errol Getner became the sales

3    representative for the CIPC account. NetSuite denies each and every remaining allegation in

4    lines 1-2 of Paragraph seven (7) of the Counterclaim.

5          15.   Answering Paragraph seven (7), lines 2-3, of the Counterclaim, NetSuite

6    admits that in March 2007, Mr. Getner, among others, discussed with CIPC the use of NetSuite®

7    to assist CIPC with its hardware business. NetSuite denies each and every remaining allegation

8    in lines 2-3 of Paragraph seven (7) of the Counterclaim.

9          16.   Answering Paragraph seven (7), lines 3-4, of the Counterclaim, NetSuite

10    admits that on or about March 31, 2007, CIPC executed the NetSuite License Agreement and

11    that on or about April 19, 2007, CIPC executed the incorporated April 19, 2007 Statement of

12    Work for the provision of Professional Services. NetSuite denies each and every remaining

13    allegation in lines 3-4 of Paragraph seven (7) of the Counterclaim.

14          17.   Answering Paragraph seven (7), lines 5-7, of the Counterclaim, NetSuite

15    admits that the signature page of the NetSuite License Agreement indicates that Joshua

16    Trousdale of CIPC Worldwide executed the NetSuite License Agreement on March 31, 2007.

17    Further, NetSuite admits that the signature page of the NetSuite License Agreement indicates

18    that Todd Giuntini of NetSuite executed the NetSuite License Agreement on or about April 23,

19    2007. NetSuite denies each and every remaining allegation in lines 5-7 of Paragraph seven (7) of

20    the Counterclaim.

21          18.   Answering Paragraph seven (7), lines 7-8, of the Counterclaim, NetSuite

22    admits that Exhibit A to Defendant's Counterclaim appears to contain true and correct copies of

23    pages 1-5 and pages 7-9 of the NetSuite License Agreement. NetSuite denies each and every

24    remaining allegation in lines 7-8 of Paragraph seven (7) of the Counterclaim.

25          19.   Answering Paragraph eight (8), lines 9-10, of the Counterclaim, NetSuite

26    admits that Estimate No. 58630 was prepared with the NetSuite License Agreement,

27    incorporated by reference into the NetSuite License Agreement, and executed by the parties on

28

1  March 30, 2007. NetSuite denies each and every remaining allegation in lines 9-10 of Paragraph

2  eight (8) of the Counterclaim.

3          20.    Answering Paragraph eight (8), lines 10-11, of the Counterclaim, NetSuite

4  admits that Exhibit B to Defendant's Counterclaim appears to contain a true and correct copy of

5  Estimate No. 58630. NetSuite denies each and every remaining allegation in lines 10-11 of

6  Paragraph eight (8) of the Counterclaim.

7          21.    Answering Paragraph eight (8), lines 11-12, of the Counterclaim, NetSuite

8  admits that NetSuite sent Invoice No. 78559 to CIPC in the amount of $115,810.51. NetSuite

9  denies each and every remaining allegation in lines 11-12 of Paragraph eight (8) of the

10  Counterclaim.

11          22.    Answering Paragraph eight (8), lines 12-14, of the Counterclaim, NetSuite

12  admits that Estimate No. 58630 included one (1) NetSuite License, fifteen general access user

13  accounts, and the NetCARE Gold Customer Support Package. NetSuite denies each and every

14  remaining allegation in lines 12-14 of Paragraph eight (8) of the Counterclaim.

15          23.    Answering Paragraph nine (9), lines 15-17 of the Counterclaim, NetSuite

16  admits the NetCARE Gold Customer Support Package included in Estimate No. 58630 "provides

17  support during normal business hours, and priority queuing of calls and emails…[a]n unlimited

18  number of cases, including weekend e-mail support, is included. NetSuite denies each and every

19  remaining allegation in lines 15-17 of Paragraph nine (9) of the Counterclaim.

20          24.    Answering Paragraph nine (9), lines 17-18, of the Counterclaim, NetSuite

21  admits that NetSuite's goal is to respond to all NetCARE Gold Customer Support email cases

22  within 1 business day. NetSuite denies each and every remaining allegation in lines 17-18 of

23  Paragraph nine (9) of the Counterclaim.

24          25.    Answering Paragraph nine (9) of the Counterclaim, lines 18-20, NetSuite

25  admits that as of at least January 1, 2007, NetSuite's website included the following language

26  "This package offers you unparalleled service and responsiveness. Customers who choose this

27  package can always be assured of the fastest response times, as well as leading-edge tools and

28

1  services." NetSuite denies each and every remaining allegation of lines 18-20 of Paragraph nine
2  (9) of the Counterclaim.

3         26.    Answering Paragraph nine (9), lines 20-22, of the Counterclaim, NetSuite
4  admits that Exhibit C to the Counterclaim appears to contain a true and correct printout of
5  NetSuite's support page on its web site at
6  http://www.netsuite.com/portal/services/support_main.shtml as it existed on November 6, 2007.
7  NetSuite denies each and every remaining allegation in lines 20-22 of Paragraph nine (9) of the
8  Counterclaim.

9         27.    Answering Paragraph ten (10), line 23, of the Counterclaim, which states,
10  "CIPC sent payment for Invoice No. 78559 via wire transfer," NetSuite denies each and every
11  allegation therein.

12         28.    Answering Paragraph ten (10), lines 23-24, of the Counterclaim, NetSuite
13  admits Invoice No. 78559 charged CIPC the Canadian Goods and Services Tax (GST). NetSuite
14  denies each and every remaining allegation in lines 23-24 of Paragraph ten (10) of the
15  Counterclaim.

16         29.    Answering Paragraph ten (10), lines 24-25, of the Counterclaim, NetSuite is
17  without sufficient knowledge or information to form a belief as to the truth of the allegations
18  therein, and on that basis denies each and every allegation contained therein. Notwithstanding
19  the above denial, NetSuite admits that CIPC provided NetSuite with a business address in
20  Vancouver, British Columbia, Canada and that on that basis CIPC was charged GST. NetSuite
21  denies each and every remaining allegation in lines 24-25 of Paragraph ten (10) of the
22  Counterclaim.

23         30.    Answering Paragraph ten (10), lines 25-26, of the Counterclaim, which
24  states, "To process the wire transfer, CIPC asked for its Revenue Canada Business Number but
25  NetSuite never provided one," NetSuite denies each and every allegation therein.

26         31.    Answering Paragraph ten (10), line 27, of the Counterclaim, which states,
27  "Without this number, the wire transfer could not be processed," NetSuite denies each and every
28  allegation contained therein.

32.   Answering Paragraph 11 of the Counterclaim, CIPC and NetSuite mutually executed a "Statement of Work for CIPC Worldwide Holdings, NetSuite Implementation – Phase I April 19, 2007," ("April 19, 2007 Statement of Work") and this document was incorporated by reference into the NetSuite License Agreement.  NetSuite denies each and every remaining allegation in lines 1-4 of Paragraph 11 of the Counterclaim.

33.   Answering Paragraph 11 of the Counterclaim, NetSuite admits Exhibit D to Defendant's Counterclaim appears to contain true and correct copies of pages 1-9, page ten (10), pages 12-22-of the April 19, 2007 Statement of Work.  NetSuite denies each and every remaining allegation in lines 4-5 of Paragraph 11 of the Counterclaim.

34.   Answering Paragraph 12, lines 6-7, of the Counterclaim, NetSuite denies each and every allegation therein.

35.   Answering Paragraph 12, lines 7-8, NetSuite admits that CIPC's general access user accounts were accessible through NetSuite's website.  NetSuite denies each and every remaining allegation in lines 7-8 of Paragraph 12 of the Counterclaim.

36.   Answering Paragraph 12, lines 8-9, of the Counterclaim, NetSuite denies each and every allegation therein.

37.   Answering Paragraph 13, line ten (10), of the Counterclaim, NetSuite admits that on May 31, 2007 NetSuite and CIPC mutually executed and entered into a second Statement of Work, entitled "Statement of Work For CIPC Jiffy Wireless 5/24/07" ("May 24, 2007 Statement of Work"), and that this document was incorporated by reference into the NetSuite License Agreement.  NetSuite denies each and every remaining allegation in line ten (10) of Paragraph 13 of the Counterclaim.

38.   Answering Paragraph 13, lines 11-12, of the Counterclaim, NetSuite admits that Exhibit E to Defendant's Counterclaim appears to contain true and correct copies pages 1-26 of the May 24, 2007 Statement of Work.  NetSuite denies each and every remaining allegation in lines 11-12 of Paragraph 13 of the Counterclaim.

39.   Answering Paragraph 13, lines 12-13, of the Counterclaim, NetSuite admits that on or about May 25, 2007, NetSuite issued Estimate No. 62644 relating to the May 24, 2007

1 | Statement of Work. NetSuite denies each and every remaining allegation in lines 14-15 of
2 | Paragraph 13 of the Counterclaim.

3 |     40.   Answering Paragraph 13, lines 12-13, of the Counterclaim, NetSuite admits
4 | that Exhibit F to the Counterclaim appears to contain a true and correct copy of Estimate No.
5 | 62644. NetSuite denies each and every remaining allegation in lines 13-14 of Paragraph 13 of
6 | the Counterclaim.

7 |     41.   Answering Paragraph 13, lines 14-15, of the Counterclaim, NetSuite admits
8 | that NetSuite sent CIPC Invoice No. 81320 for $21,200, which pertained to Estimate No. 62644.
9 | NetSuite denies each and every remaining allegation in lines 14-15 of Paragraph 13 of the
10 | Counterclaim.

11 |     42.   Answering Paragraph 14 of the Counterclaim, NetSuite denies each and
12 | every allegation contained therein.

13 |     43.   Answering Paragraph 15, lines 20-21, of the Counterclaim, NetSuite admits
14 | that on June 19, 2007, NetSuite emailed Estimate No. 64289 to CIPC, which included a license
15 | for 300 additional general access users under the NetSuite License Agreement, which such
16 | access would commence July 25, 2007. NetSuite denies each and every remaining allegation in
17 | lines 20-21 of Paragraph 15 of the Counterclaim.

18 |     44.   Answering Paragraph 15, lines 21-22, of the Counterclaim, NetSuite admits
19 | that Exhibit G to the Counterclaim appears to contain a true and correct copy of the Estimate No.
20 | 64289. NetSuite denies each and every remaining allegation in lines 21-22 of Paragraph 15 of
21 | the Counterclaim.

22 |     45.   Answering Paragraph 15, lines 22-23, of the Counterclaim, NetSuite admits
23 | that Estimate No. 64289 included one (1) NetCARE Gold Customer Support Package, and the
24 | price listed was $73,507.50. NetSuite denies each and every remaining allegation in lines 22-23
25 | of Paragraph 15 of the Counterclaim.

26 |     46.   Answering Paragraph 16 of the Counterclaim, NetSuite admits that on or
27 | about June 27, 2007, CIPC executed Estimate No. 64289 and returned it to NetSuite. NetSuite
28 | denies each and every remaining allegation in Paragraph 16 of the Counterclaim.

47.    Answering Paragraph 17 of the Counterclaim, NetSuite denies each and every allegation contained therein.

48.    Answering Paragraph 18, lines 1-4, of the Counterclaim, NetSuite is without sufficient knowledge or information to form a belief as to the truth of the allegations contained therein, and on that basis denies each and every allegation contained therein.

49.    Answering Paragraph 18, lines 4-5, of the Counterclaim, NetSuite admits that on July 6, 2007 at 7:27 p.m. EDT, that Josh Trousdale contacted NetSuite regarding CIPC's efforts to provide access to NetSuite's Service to CIPC's employees.  NetSuite denies each and every remaining allegation in lines 4-5 of Paragraph 18 of the Counterclaim.

50.    Answering Paragraph 18, lines 5-6, of the Counterclaim, which state, 'Mr. Truesdale also spoke with Sam Glass in NetSuite's billing department," NetSuite denies each and every allegation contained therein.

51.    Answering Paragraph 19, lines 7-8, of the Counterclaim, NetSuite admits that Case No. 591697 was opened on July 6, 2007 at 4:27 PDT.  NetSuite denies each and every remaining allegation in lines 7-8 of Paragraph 19 of the Counterclaim.

52.    Answering Paragraph 19, lines 8-13, of the Counterclaim, NetSuite denies each and every allegation contained therein.

53.    Answering Paragraph 20 of the Counterclaim, NetSuite is without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said paragraph, and on that basis denies each and every allegation contained therein.

54.    Answering Paragraph 21 of the Counterclaim, NetSuite denies each and every allegation contained therein.

55.    Answering Paragraph 22, lines 21-22 of the Counterclaim, NetSuite admits that on July 9, 2007 at 12:23 a.m. PDT, CIPC's Chief Operating Officer, Andrew Anderson, contacted NetSuite.  NetSuite denies each and every remaining allegation in lines 21-22 of Paragraph 22 of the Counterclaim.

56.    Answering Paragraph 22, lines 22-27, of the Counterclaim, NetSuite denies each and every allegation contained therein.

1    57.    Answering Paragraph 23, lines 1-2, of the Counterclaim, NetSuite denies

2 each and every allegation contained therein.

3    58.    Answering Paragraph 23, lines 2-4, of the Counterclaim, NetSuite admits

4 that on July 11, 2007 at 11:10 a.m. PDT, Michele Gariepy wrote Josh Truesdale wherein, among

5 other things, she apologized for the delays.  NetSuite denies each and every remaining allegation

6 in lines 2-4 of Paragraph 23 of the Counterclaim.

7    59.    Answering Paragraph 23, lines 4-5, of the Counterclaim, NetSuite denies

8 each and every allegation contained therein.

9    60.    Answering Paragraph 24, lines 6-8, of the Counterclaim, NetSuite denies

10 each and every allegation contained therein.

11    61.    Answering Paragraph 24, lines 8-11, of the Counterclaim, NetSuite admits

12 that NetSuite recommended its NetCARE Gold Customer Support Package.  NetSuite denies

13 each and every remaining allegation in lines 8-11 of Paragraph 24 of the Counterclaim.

14    62.    Answering Paragraph 25 of the Counterclaim, NetSuite is without sufficient

15 knowledge or information to form a belief as to the truth of the allegations contained in said

16 paragraph, and on that basis denies each and every allegation contained therein.

17    63.    Answering Paragraph 26, lines 14-16, of the Counterclaim, which state,"

18 NetSuite's failure to perform under the Agreement caused damages to CIPC in an amount to be

19 proven at trial but estimated to be at least $5,000,000.00," NetSuite responds that the allegations

20 in lines 14-16 set forth legal conclusions and therefore no response is required.  To the extent

21 that further response is required, NetSuite denies each and every allegation in lines 14-16 of

22 Paragraph 26 of the Counterclaim.

23    64.    Answering Paragraph 26, lines 15-20, of the Counterclaim, NetSuite is

24 without sufficient knowledge or information to form a belief as to the truth of the allegations

25 contained in said paragraph, and on that basis denies each and every allegation contained therein.

26    65.    Responding to Paragraph 27 of the Counterclaim, NetSuite hereby

27 incorporates by reference its answers to the allegations of Paragraphs one (1) through 26 of the

28 Counterclaim, as though fully set forth herein.

66.    Answering Paragraph 28, lines 25-27, of the Counterclaim, NetSuite admits that as part of the NetSuite License Agreement between CIPC and NetSuite, CIPC contracted to purchase NetCARE Gold Customer Support Packages at the amounts listed in Estimates Nos. 58630 and 64289.  NetSuite denies each and every remaining allegation in lines 25-27 of Paragraph 28 of the Counterclaim.

67.    Answering Paragraph 28, lines 27-2, of the Counterclaim, NetSuite admits that CIPC contracted to purchase the NetCARE Gold Customer Support Packages.  NetSuite denies each and every remaining allegation in lines 27-2 of Paragraph 28 of the Counterclaim.

68.    Answering Paragraph 28, line 2, of the Counterclaim, which states, "These representations were in fact false," NetSuite denies each and every allegation contained therein.

69.    Answering Paragraph 29 of the Counterclaim, NetSuite denies each and every allegation contained therein.

70.    Answering Paragraph 30, lines 5-6, of the Counterclaim, which state, "NetSuite made these representations with the intention to deceive and defraud CIPC and to induce CIPC to act in reliance on these representations," NetSuite denies each and every allegation contained therein.

71.    Answering Paragraph 30, lines 6-9, of the Counterclaim, NetSuite admits that as part of the NetSuite License Agreement between CIPC and NetSuite, CIPC contracted to purchase NetCARE Gold Customer Support Packages at the amounts listed in Estimates Nos. 58630 and 64289.  NetSuite denies each and every remaining allegation in lines 6-9 of Paragraph 30 of the Counterclaim.

72.    Answering Paragraph 31, lines 10-14, of the Counterclaim, NetSuite denies each and every allegation contained therein.

73.    Answering Paragraph 31, lines 14-18, of the Counterclaim, NetSuite responds that the allegations therein set forth legal conclusions and therefore no response is required.  To the extent that further response is required, NetSuite admits that paragraph 5.9 of the NetSuite License Agreement states, among other things, that "NetSuite has extensive experience helping Customers improve utilization and realization of benefits of the Service."

1  NetSuite denies each and every remaining allegation in lines 14-18 of Paragraph 31 of the
2  Counterclaim.

3        74.  Answering Paragraph 32 of the Counterclaim, NetSuite responds that the
4  allegations therein set forth legal conclusions and therefore no response is required.  To the
5  extent that further response is required, NetSuite denies each and every allegation in Paragraph
6  32 of the Counterclaim.

7        75.  Answering Paragraph 33 of the Counterclaim, NetSuite responds that the
8  allegations therein set forth legal conclusions and therefore no response is required.  To the
9  extent that further response is required, NetSuite denies each and every allegations in Paragraph
10  33 of the Counterclaim.

11        76.  NetSuite responds that the statement in line 27 on page seven (7) of the
12  Counterclaim requires no response.

13        77.  Responding to Paragraph 34 of the Counterclaim, NetSuite hereby
14  incorporates by reference its answers to the allegations in Paragraphs one (1) through 33 of the
15  Counterclaim, as though fully set forth herein.

16        78.  Answering Paragraph 35, lines 5-7, of the Counterclaim, NetSuite denies
17  each and every allegation therein.

18        79.  Answering Paragraph 35, lines 7-10, of the Counterclaim, NetSuite admits
19  that NetSuite recommended its NetCARE Gold Customer Support Package.  NetSuite denies
20  each and every remaining allegation in lines 7-10 of Paragraph 35 of the Counterclaim.

21        80.  Answering Paragraph 36 of the Counterclaim, NetSuite denies each and
22  every allegation therein.

23        81.  Answering Paragraph 37, lines 13-15, of the Counterclaim, NetSuite denies
24  each and every allegation contained therein.

25        82.  Answering Paragraph 37, lines 15-18, of the Counterclaim, NetSuite admits
26  that CIPC executed the NetSuite License Agreement and the incorporated additional documents,
27  including Estimate No. 58630, April 19, 2007 Statement of Work, May 24, 2007 Statement of
28  Work, Estimate No. 62644, Estimate No. 64289, and Amendment to Estimate No. 64289, which

1   included, among other things the NetCARE Gold Customer Support Package.  NetSuite denies

2   each and every remaining allegation in lines 15-18 of Paragraph 37 of the Counterclaim.

3         83.    Answering Paragraph 37, lines 18-19, of the Counterclaim, which state, "If

4   CIPC had known of the actual intention of NetSuite, CIPC would not have taken such action,"

5   NetSuite denies each and every allegation contained therein.

6         84.    Answering Paragraph 38 of the Counterclaim, NetSuite denies each and

7   every allegation contained therein.

8         85.    Answering Paragraph 39, lines 23-24, of the Counterclaim, which state,

9   "Answering Paragraph 39, lines 24-25, of the Counterclaim, NetSuite responds that the

10  allegations therein set forth legal conclusions and therefore no response is required.  To the

11  extent that further response is required, NetSuite denies each and every allegation in lines 24-25

12  of Paragraph 39 of the Counterclaim," NetSuite is without sufficient knowledge or information

13  to form a belief as to the truth of the allegations contained in said paragraph, and on that basis

14  denies each and every allegation contained therein.

15        86.    Answering Paragraph 40 of the Counterclaim, NetSuite responds that the

16  allegations therein set forth legal conclusions and therefore no response is required.  To the

17  extent that further response is required, NetSuite denies each and every allegation in Paragraph

18  40 of the Counterclaim.

19        87.    Answering Paragraph 41 of the Counterclaim, NetSuite responds that the

20  allegations therein set forth legal conclusions and therefore no response is required.  To the

21  extent that further response is required, NetSuite denies each and every allegation in Paragraph

22  41 of the Counterclaim.

23        88.    NetSuite responds that the statement in line four (4) on page nine (9) of the

24  Counterclaim requires no response.

25        89.    Responding to Paragraph 42 of the Counterclaim, NetSuite hereby

26  incorporates by reference its answers to the allegations of Paragraphs one (1) through 41 of the

27  Counterclaim, as though fully set forth herein.

28

1          90.   Answering Paragraph 43 of the Counterclaim, NetSuite denies each and

2  every allegation contained therein.

3          91.   Answering Paragraph 44 of the Counterclaim, NetSuite denies each and

4  every allegation contained therein.

5          92.   Answering Paragraph 45, lines 14-16 of the Counterclaim, NetSuite denies

6  each and every allegation contained therein.

7          93.   Answering Paragraph 45, lines 16-17, of the Counterclaim, NetSuite is

8  without sufficient knowledge or information to form a belief as to the truth of the allegations

9  contained therein, and on that basis denies each and every allegation contained therein.

10          94.   Answering Paragraph 45, lines 17-18, of the Counterclaim, which states, "If

11  CIPC had known the actual facts, it would not have taken such action," NetSuite denies each and

12  every allegation contained therein.

13          95.   Answering Paragraph 45, lines 18-20, of the Counterclaim, NetSuite

14  responds that the allegations therein set forth legal conclusions and therefore no response is

15  required.  To the extent that further response is required, NetSuite denies each and every

16  allegation in Paragraph 45 of the Counterclaim.

17          96.   Answering Paragraph 46 of the Counterclaim, NetSuite responds that the

18  allegations therein set forth legal conclusions and therefore no response is required.  To the

19  extent that further response is required, NetSuite denies each and every allegation in Paragraph

20  46 of the Counterclaim.

21          97.   Answering Paragraph 47, lines 23-24, of the Counterclaim, NetSuite is

22  without sufficient knowledge or information to form a belief as to the truth of the allegations

23  contained in said paragraph, and on that basis denies each and every allegation contained therein.

24          98.   Answering Paragraph 47, lines 24-25, of the Counterclaim, which states,

25  "The service of this Answer and Counterclaim shall serve as notice required under California

26  Civil Code section 1691," NetSuite responds that the allegations therein set forth legal

27  conclusions and therefore no response is required.  To the extent that further response is

28

1    required, NetSuite denies each and every allegation in lines 24-25 of Paragraph 47 of the

2    Counterclaim.

3        99.    Answering Paragraph 48 of the Counterclaim, NetSuite responds that the

4    allegations therein set forth legal conclusions and therefore no response is required.  To the

5    extent that further response is required, NetSuite denies each and every allegation in Paragraph

6    48 of the Counterclaim.

7        100. Answering Paragraph 49 of the Counterclaim, NetSuite responds that the

8    allegations therein set forth legal conclusions and therefore no response is required.  To the

9    extent that further response is required, NetSuite denies each and every allegation in Paragraph

10   49 of the Counterclaim.

11       101. NetSuite responds that the statement in line four (4) on page ten (10) of the

12   Counterclaim requires no response.

13       102. Responding to Paragraph 50 of the Counterclaim, NetSuite hereby

14   incorporates by reference its answers to the allegations of paragraphs 1 through 49 of the

15   Counterclaim, as though fully set forth herein.

16       103. Answering Paragraph 51, lines 9-10, of the Counterclaim, which state, "The

17   agreement by CIPC to purchase the additional 300 user accounts was not real, mutual or free in

18   that it was obtained solely through mistake as herein alleged," NetSuite responds that the

19   allegations therein set forth legal conclusions and therefore no response is required.  To the

20   extent that further response is required, NetSuite denies each and every allegation in lines 9-10 of

21   Paragraph 51 of the Counterclaim.

22       104. Answering Paragraph 51, lines 10-14, of the Counterclaim, NetSuite denies

23   each and every allegation contained therein.

24       105. Answering Paragraph 52 of the Counterclaim, NetSuite denies each and

25   every allegation contained therein.

26       106. Answering Paragraph 53 of the Counterclaim, NetSuite denies each and

27   every allegation contained therein.

28

107. Answering Paragraph 54 of the Counterclaim, NetSuite responds that the allegations therein set forth legal conclusions and therefore no response is required. To the extent that further response is required, NetSuite denies each and every allegation in Paragraph 54 of the Counterclaim.

108. Answering Paragraph 55, lines 25-26, of the Counterclaim, NetSuite responds that the allegations therein set forth legal conclusions and therefore no response is required. To the extent that further response is required, NetSuite denies each and every allegation in lines 25-26 of Paragraph 55 of the Counterclaim.

109. Answering Paragraph 55, lines 26-1, of the Counterclaim, NetSuite admits that section 6.3 of its NetSuite License Agreement contains the statement "If this Agreement is terminated as a result of a breach on NetSuite's part, NetSuite shall refund the pro rata portion of any fee that may have been paid by Customer for the portion of the Service not furnished to Customer." NetSuite denies each and every remaining allegation in lines 26-1 of Paragraph 55 of the Counterclaim.

110. Answering Paragraph 55, lines 1-2, of the Counterclaim, which states, "The service of this Answer and Counterclaim shall serve as the notice required by California Civil Code section 1691," NetSuite responds that the allegations therein set forth legal conclusions and therefore no response is required. To the extent that further response is required, NetSuite denies each and every allegation in lines 1-2 of Paragraph 55 of the Counterclaim.

111. Answering Paragraph 56 of the Counterclaim, NetSuite responds that the allegations therein set forth legal conclusions and therefore no response is required. To the extent that further response is required, NetSuite denies each and every allegation in Paragraph 56 of the Counterclaim.

112. Answering Paragraph 57 of the Counterclaim, NetSuite responds that the allegations therein set forth legal conclusions and therefore no response is required. To the extent that further response is required, NetSuite denies each and every allegation in Paragraph 57 of the Counterclaim.

113. NetSuite responds that the statement in line eight (8) on page 11 of the Counterclaim requires no response.

114. Responding to Paragraph 58 of the Counterclaim, NetSuite hereby incorporates by reference its answers to the allegations of Paragraphs one (1) through 33 of the Counterclaim, as though fully set forth herein.

115. Answering Paragraph 59, lines 13-14, of the Counterclaim, NetSuite admits that the signature page of the NetSuite License Agreement indicates that Joshua Trousdale of CIPC Worldwide executed the NetSuite License Agreement on or about March 31, 2007. Further, NetSuite admits that the signature page of the NetSuite License Agreement indicates that Todd Guintini of NetSuite executed the NetSuite License Agreement on or about April 23, 2007. NetSuite denies each and every remaining allegation in lines 13-14 of Paragraph 59 of the Counterclaim.

116. Answering Paragraph 59, lines 14-16, of the Counterclaim, NetSuite admits that on or about March 30, 3007, Josh Truesdale executed Estimate No. 58630, which was incorporated by reference into the NetSuite License Agreement and which set forth the items and services purchased by CIPC. NetSuite denies each and every remaining allegation in lines 14-16 of Paragraph 59 of the Counterclaim.

117. Answering Paragraph 60 of the Counterclaim, NetSuite admits that Estimate No. 58630 included one (1) NetSuite License, fifteen general access user accounts, and the NetCARE Gold Customer Support Package. NetSuite denies each and every remaining allegation in Paragraph 60 of the Counterclaim.

118. Answering Paragraph 61 of the Counterclaim, NetSuite denies each and every allegation contained therein.

119. Answering Paragraph 62, lines 23-24, of the Counterclaim, NetSuite admits that on or about June 19, 2007, it provided CIPC with Estimate No. 64289, which included licenses for 300 additional general access users under the NetSuite License Agreement and one (1) NetCARE Gold Customer Support Package. NetSuite denies each and every remaining allegation in lines 23-24 of Paragraph 62 of the Counterclaim.

120. Answering Paragraph 62, lines 24-26, of the Counterclaim, NetSuite admits that on or about June 29, 2007, it sent CIPC an invoice for Estimate No. 64289. NetSuite denies each and every remaining allegation in lines 24-26 of Paragraph 62 of the Counterclaim.

121. Answering Paragraph 62, line 26, of the Counterclaim, admits that CIPC executed Estimate No. 64289 on or about June 27, 2007. NetSuite denies each and every remaining allegation in line 26 of Paragraph 62 of the Counterclaim.

122. Answering Paragraph 63 of the Counterclaim, NetSuite denies each and every allegation contained therein.

123. Answering Paragraph 64 of the Counterclaim, NetSuite denies each and every allegation contained therein.

124. Answering Paragraph 65 of the Counterclaim, NetSuite responds that the allegations therein set forth legal conclusions and therefore no response is required. To the extent that further response is required, NetSuite denies each and every allegation in Paragraph 65 of the Counterclaim.

125. Responding to Paragraph 66 of the Counterclaim, NetSuite hereby incorporates by reference its answers to the allegations of Paragraphs one (1) through 33 and Paragraphs 58 through 65 of the Counterclaim, as though fully set forth herein.

126. Answering Paragraph 67, lines 18-19, of the Counterclaim, which state, "Every contract contains an implied covenant of good faith and fair dealing," NetSuite responds that the allegation contained therein sets forth legal conclusions and therefore no response is required. To the extent that further response is required, NetSuite admits the allegation. NetSuite denies each and every remaining allegation in lines 18-19 of Paragraph 67 of the Counterclaim.

127. Answering Paragraph 67, lines 19-20, of the Counterclaim, NetSuite admits that it provides a NetCARE Gold Support Package. NetSuite denies each and every allegation in lines 19-20 of Paragraph 67 of the Counterclaim.

128. Answering Paragraph 67, lines 20-21, of the Counterclaim, NetSuite denies each and every allegation therein.

1      129.  Answering Paragraph 68 of the Counterclaim, NetSuite denies each and

2   every allegation therein.

3      130.  Answering Paragraph 69 of the Counterclaim, NetSuite responds that the

4   allegations therein set forth legal conclusions and therefore no response is required.  To the

5   extent that further response is required, NetSuite denies each and every allegation in Paragraph

6   69 of the Counterclaim.

7      131.  NetSuite responds that the statement in line one (1) on page 13 of the

8   Counterclaim requires no response.

9      132.  NetSuite responds that the statement in lines 3-4 on page 13 of the

10  Counterclaim requires no response.

11      133.  Answering Paragraph one (1) of the Prayer on the Counterclaim, NetSuite

12  responds that the paragraph constitutes a prayer for relief and therefore requires no response.  To

13  the extent that a response is required, NetSuite denies that CIPC is entitled to any damages,

14  attorney's fees, costs, rescission, restitution of benefits, or any other relief under its

15  Counterclaim.

16      134.  Answering Paragraph two (2) of the Prayer on the Counterclaim, NetSuite

17  responds that the paragraph constitutes a prayer for relief and therefore requires no response.  To

18  the extent that a response is required, NetSuite denies that CIPC is entitled to any damages,

19  attorney's fees, costs, rescission, restitution of benefits, or any other relief under its

20  Counterclaim.

21      135.  Answering Paragraph three (3) of the Prayer on the Counterclaim, NetSuite

22  responds that the paragraph constitutes a prayer for relief and therefore requires no response.  To

23  the extent that a response is required, NetSuite denies that CIPC is entitled to any damages,

24  attorney's fees, costs, rescission, restitution of benefits, or any other relief under its

25  Counterclaim.

26      136.  Answering Paragraph four (4) of the Prayer on the Counterclaim, NetSuite

27  responds that the paragraph constitutes a prayer for relief and therefore requires no response.  To

28  the extent that a response is required, NetSuite denies that CIPC is entitled to any damages,

1   attorney's fees, costs, rescission, restitution of benefits, or any other relief under its

2   Counterclaim.

3        137.  Answering Paragraph five (5) of the Prayer on the Counterclaim, NetSuite

4   responds that the paragraph constitutes a prayer for relief and therefore requires no response.  To

5   the extent that a response is required, NetSuite denies that CIPC is entitled to any damages,

6   attorney's fees, costs, rescission, restitution of benefits, or any other relief under its

7   Counterclaim.

8        138.  Answering Paragraph six (6) of the Prayer on the Counterclaim, NetSuite

9   responds that the paragraph constitutes a prayer for relief and therefore requires no response.  To

10  the extent that a response is required, NetSuite denies that CIPC is entitled to any damages,

11  attorney's fees, costs, rescission, restitution of benefits, or any other relief under its

12  Counterclaim.

13       139.  NetSuite responds that the statement in lines 13-4 on page 13 of the

14  Counterclaim requires no response.

15  **AFFIRMATIVE DEFENSES TO DEFENDANT'S COUNTERCLAIM**

16  **FIRST AFFIRMATIVE DEFENSE**

17       140.  As a separate affirmative defense to Defendant's Counterclaim and to each

18  cause of action therein, Plaintiff alleges that the Counterclaim and each of its purported counts

19  therein, fail to state a claim upon which relief can be granted.

20  **SECOND AFFIRMATIVE DEFENSE**

21       141.  As a separate affirmative defense to Defendant's Counterclaim and to each

22  cause of action therein, Plaintiff alleges that Defendant, by its acts and omissions, released,

23  relinquished, and waived any right to recover against Plaintiff on the claims alleged in the

24  Counterclaim.

25  **THIRD AFFIRMATIVE DEFENSE**

26       142.  As a separate affirmative defense to Defendant's Counterclaim and to each

27  cause of action therein, Plaintiff alleges that no conduct by or attributable to Defendant was the

28  cause in fact or legal cause of the damages, if any, suffered by Defendant.

1

### FOURTH AFFIRMATIVE DEFENSE

2    143. As a separate affirmative defense to Defendant's Counterclaim, and to each

3 cause of action therein, Plaintiff alleges that, should it be determined that Defendant has been

4 damaged, said damages were proximately caused by Defendant's own conduct and no such

5 damages are attributable to Plaintiff.

6

### FIFTH AFFIRMATIVE DEFENSE

7    144. As a separate affirmative defense to Defendant's Counterclaim, and to each

8 cause of action therein. Plaintiff alleges that Defendant was negligent with regard to the matters

9 alleged in the Counterclaim, and such negligence was the proximate cause of any damages that

10 Plaintiff claims to have suffered.

11

### SIXTH AFFIRMATIVE DEFENSE

12    145. As a separate affirmative defense to Defendant's Counterclaim and to each

13 cause of action therein, Plaintiff alleges that Defendant did not exercise ordinary care, caution,

14 and prudence to avoid damage, if any, in connection with the transactions and events alleged

15 within the Counterclaim and that Defendant is therefore barred entirely from recovery against

16 Plaintiff or alternatively, that Defendant should have the recovery, if any, proportionately

17 reduced.

18

### SEVENTH AFFIRMATIVE DEFENSE

19    146. As a separate affirmative defense to Defendant's Counterclaim, and to the

20 each cause of action therein, Plaintiff alleges that Defendant assumed the ordinary business risk

21 of any damages Defendant claims to have suffered.

22

### EIGHTH AFFIRMATIVE DEFENSE

23    147. As a separate affirmative defense to Defendant's Counterclaim and to each

24 cause of action therein, Plaintiff alleges that by Defendant's acts and omissions, Defendant is

25 estopped from asserting any claims upon which Defendant now seeks relief.

26

### NINTH AFFIRMATIVE DEFENSE

27    148. As a separate affirmative defense to Defendant's Counterclaim and to each

28 cause of action therein, Plaintiff alleges that by Defendant, by its acts and omissions, has failed

1    to mitigate its damages.  Alternatively, Plaintiff alleges that any recovery by Defendant should

2    be reduced by those damages that Defendant failed to mitigate.

3                    **TENTH AFFIRMATIVE DEFENSE**

4                    149.  As a separate affirmative defense to Defendant's Counterclaim and to each

5    cause of action therein, Plaintiff alleges that Defendant is barred from any relief by the doctrine

6    of *in pari delicto* and/or unclean hands or in the alternative, that these doctrines limit or bar

7    Defendant's alleged damages.

8                    **ELEVENTH AFFIRMATIVE DEFENSE**

9                    150.  As a separate affirmative defense to Defendant's Counterclaim and to each

10   cause of action therein, Plaintiff alleges that any alleged actions that Plaintiff took with respect to

11   Defendant were privileged and/or justified under all circumstances.

12                   **TWELFTH AFFIRMATIVE DEFENSE**

13                   151.  As a separate affirmative defense to Defendant's Counterclaim, and to each

14   cause of action therein, Plaintiff alleges that if Defendant is entitled to damages, said damages

15   being expressly denied, such damages should be apportioned among the parties according to

16   each party's proportion of their responsibility, if any, under the doctrine of comparative

17   negligence or based upon implied or express indemnity or contribution.

18                   **THIRTEENTH AFFIRMATIVE DEFENSE**

19                   152.  As a separate affirmative defense to Defendant's Counterclaim and to each

20   cause of action therein, Plaintiff alleges that Defendant approved and ratified the actions

21   complained of therein and is barred from asserting any claims upon which it now seeks relief.

22                   **FOURTEENTH AFFIRMATIVE DEFENSE**

23                   153.  As a separate affirmative defense to Defendant's Counterclaim and to each

24   cause of action therein, Plaintiff alleges that to the extent Defendant alleges that Plaintiff has an

25   obligation to which full performance has not been rendered or excused, the obligation is illusory,

26   void, and unenforceable.

27   ///

28   ///

**FIFTEENTH AFFIRMATIVE DEFENSE**

154.  As a separate affirmative defense to Defendant's Counterclaim and to each cause of action therein, Plaintiff alleges that Plaintiff unreasonably delayed bringing this action to the prejudice of Plaintiff, and therefore, Defendant's Counterclaim and each count therein is barred by the doctrine of laches.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

155.  As a separate affirmative defense to Defendant's Counterclaim and to Defendant's First, Second, Third, and Fourth causes of action therein, Plaintiff alleges that Defendant is not entitled to Rescission on the grounds that Defendant is in default in a material respect in its performance of the parties' contract.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

156.  As a separate affirmative defense to Defendant's Counterclaim and to Defendant's First, Second, Third, and Fourth causes of action therein, Plaintiff alleges that Defendant is not entitled to Rescission on the grounds that Defendant is estopped from electing Rescission because Defendant elected an alternative remedy.

**NINETEENTH AFFIRMATIVE DEFENSE**

157.  As a separate affirmative defense to Defendant's Counterclaim and to each causes of action therein, Plaintiff alleges that Defendant has failed to state facts sufficient to support an award of punitive or exemplary damages against it.

**TWENTIETH AFFIRMATIVE DEFENSE**

158.  As a separate affirmative defense to Defendant's Counterclaim and to each causes of action therein, Plaintiff alleges that the imposition of punitive or exemplary damages against Plaintiff would violate its due process and equal protection rights guaranteed by the United States Constitution.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

159.  As a separate affirmative defense to Defendant's Counterclaim and to each causes of action therein, Plaintiff alleges that to the extent Defendant alleges that Plaintiff has an

1  obligation to which full performance has not been rendered or excused, the obligation is illusory,

2  void and unenforceable.

3  ### TWENTY-SECOND AFFIRMATIVE DEFENSE

4  160.  As a separate affirmative defense to Defendant's Counterclaim, and to

5  Defendant's fifth cause of action for Breach of Contract therein, Plaintiff alleges that it was

6  excused from full performance due to Defendant's breaches of the contract.

7  ### TWENTY-THIRD AFFIRMATIVE DEFENSE

8  161.  As a separate affirmative defense to Defendant's Counterclaim, and to

9  Defendant's fifth cause of action for Breach of Contract therein, NetSuite alleges that any duty to

10  perform imposed upon Plaintiff by the purchase was excused by Defendant's failure to properly

11  perform under the contract.

12  ### TWENTY-FOURTH AFFIRMATIVE DEFENSE

13  162.  As a separate affirmative defense to the Defendant's Counterclaim, and to

14  Defendant's fifth cause of action for Breach of Contract therein, Plaintiff alleges that Defendant

15  is barred in whole or in part by Defendant's breach of the implied covenant of good faith and fair

16  dealing.

17  ### TWENTY-FIFTH AFFIRMATIVE DEFENSE

18  163.  As a separate affirmative defense to Defendant's Counterclaim, and to

19  Defendant's fifth cause of action for Breach of Contract therein, Plaintiff alleges that to the

20  extent Defendant alleges that Plaintiff has an obligation to which full performance has not been

21  rendered or excused, there has been a failure of consideration.

22  ### TWENTY-SIXTH AFFIRMATIVE DEFENSE

23  164.  As a separate defense to the Complaint and to each cause of action therein,

24  NetSuite alleges that to the extent Defendant alleges that Plaintiff has an obligation to which full

25  performance has not been rendered or excused, not all conditions to said obligations occurred.

26  ### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27  165.  As a separate affirmative defense to Defendant's Counterclaim, and to each

28  cause of action therein, Plaintiff alleges that it is entitled to an offset against Defendant.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

166.  As a separate affirmative defense to Defendant's Counterclaim and to Defendant's fourth cause of action therein, Plaintiff alleges that Defendant is not entitled to rely on the excuse of mistake of fact because Defendant is guilty of neglect in its legal duty under the terms of the parties' contract.

## YET UNKNOWN AFFIRMATIVE DEFENSES

167.  Plaintiff has insufficient knowledge or information on which to form a belief as to whether additional, as yet unstated, defenses are available.  Plaintiff reserves the right to amend its Answer to Defendant's Counterclaim to assert additional defenses in the event discovery indicates that it would be appropriate.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays for judgment as follows:

1.  That the Court dismiss Defendant's Counterclaim, in its entirety, with prejudice;

2.  Alternatively, that the Court enter judgment for Plaintiff;

3.  For reasonable attorney's fees and costs incurred in this action; and

4.  For such other and further relief as the Court deems just and equitable.

Dated: November 6, 2007

McMAHON SEREPCA LLP

Peter C. McMahon, Esq.
Attorneys for Plaintiff
NETSUITES, INC.

## DEMAND FOR JURY TRIAL

To the extent permitted by law, Plaintiff NetSuite, Inc. respectfully demands a trial by jury as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Peter C. McMahon, Esq.
Attorneys for Plaintiff
NETSUITES, INC.

PLAINTIFF NETSUITE, INC.'S ANSWER TO DEFENDANT'S COUNTERCLAIM