

January 18, 2008

VIA FEDERAL EXPRESS AND ELECTRONIC MAIL

Joshua Truesdale
Chief Technology Officer
CIPC Worldwide Holdings Corporation
108 West 13th Street
Wilmington, DE 19801

Re: NetSuite, Inc. v. CIPC Worldwide Holdings Corporation

Dear Mr. Truesdale:

Please be advised that this morning, I appeared before The Honorable Susan Illston regarding McManis Faulkner & Morgan's motion to withdraw as counsel of record for CIPC Worldwide Holdings Corporation ("CIPC") in the referenced matter. Judge Illston has conditionally granted our motion effective February 29, 2008, provided that I send you this letter, copied to her and to opposing counsel and file it with the Court. Judge Illston delayed the effective date of the order granting our motion to withdraw to give CIPC ample time to find substitute representation so that CIPC will not be prejudiced in this case.

Judge Illston wanted me to inform you that business entities must appear in Court through an attorney. Persons who are not licensed to practice law and who are not admitted to practice in the court in which a matter is pending may not represent a corporation. Northern District California Rule of Court 3-9(b) provides that "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court;" see also *United States v. High Country Broadcasting Co., Inc.* (9th Cir. 1993) 3 F.3d 1244, 1245.

Thus, upon the effective date of the Court's order granting McManis Faulkner & Morgan's motion to withdraw as counsel of record for CIPC, CIPC will not be able to make any appearances in court, including filing any documents or attending any hearings. The outcome of not being able to make an appearance is that eventually default judgments will be taken against CIPC on NetSuite, Inc.'s complaint and on CIPC's cross-claim. When you originally called our office, you told us that CIPC's "normal" lawyers are Gibson Dunn & Crutcher LLP but that it had a conflict. I encourage you to contact them for further information about this issue, or for referrals to other attorneys.

Joshua Truesdale
January 18, 2008
Page 2

_____


The Case Management Conference that was scheduled for February 5, 2008 has been continued to March 28, 2008. There are certain court-ordered requirements that parties must undertake in preparation for a Case Management Conference, as well as other court mandated obligations generally. Judge Illston has relieved McManis Faulkner & Morgan from having to comply with those requirements pending the effective date of her order granting our withdrawal. Until then, McManis Faulkner & Morgan will continue to receive all court filings on CIPC's behalf and we will continue to forward them to you.

Since we filed our motion to withdraw, attorney Jerry Freedman contacted our office. Since that initial call from him, we have not heard from him again. I believe that his telephone number is (818) 784-9742. Of course, once CIPC finds substitute counsel, my office will work with him or her to transition the case.

Very truly yours,

McMANIS FAULKNER & MORGAN

*Sharon Kirsch*

SHARON KIRSCH

SK/ha

cc:   Honorable Susan Illston
      Peter C. McMahon
      Gretta Vermeulen, Operations Manager, CIPC