PETER C. McMAHON (State Bar No. 161841)
PAMELA L. KELLY (State Bar No. 230721)
McMAHON SEREPCA LLP
985 Industrial Road, Suite 201
San Carlos, CA  94070-4157
Tel:  650-637-0600
Fax:  650-637-0700

Attorneys for Plaintiff
NETSUITE, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETSUITE, INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CIPC WORLDWIDE HOLDINGS CORPORATION, a corporation, and DOES One through Ten, inclusive,<br><br>Defendants. | CASE NO: 3:07-cv-05235-SI<br><br>**DECLARATION OF PETER C. MCMAHON REGARDING CASE MANAGEMENT CONFERENCE** |

1    I, Peter C. McMahon, declare as follows:

2        1.    I am an attorney at law duly admitted to practice before all courts of the

3    State of California. I am a founding partner of McMahon Serepca LLP, which represents

4    defendant NetSuite, Inc. ("Defendant" or "NetSuite") in the above-captioned action. I make this

5    declaration regarding NetSuite's Separate Case Management Conference Statement, filed

6    concurrently herewith. I have personal knowledge of each fact set forth herein, and, if called

7    upon to testify thereto, I am competent to do so and would do so.

8        2.    As the Court is aware, defendant CIPC Worldwide Holding Corporation's

9    ("Defendant") former counsel, Sharon Kirsch of McManis Faulkner & Morgan ("McManis"),

10   pursuant to this Court's instruction wrote Defendant a letter on January 18, 2008 ("Letter"),

11   which warned Defendant of the imminent withdrawal of McManis as counsel, and the

12   consequences of CIPC's failure to secure new counsel. Attached hereto as **Exhibit A** is a true

13   and correct copy of such letter. In addition to Ms. Kirch's warnings, Ms. Kirsch indicated in her

14   Letter that "[s]ince we filed our motion to withdraw, attorney Jerry Freedman contacted our

15   office. Since that initial call from him, we have not heard from him again."

16       3.    Accordingly, in order to ensure that the parties had sufficient time to meet

17   and confer pursuant to the Order of this Court and the Federal Rules of Civil Procedure, I wrote

18   Mr. Freedman a letter (which I faxed and mailed) in an attempt to affirmatively engage him in

19   meeting and conferring because at the time I thought our Joint Case Management Conference

20   Statement could be due as soon as March 7, 2008. Attached hereto as **Exhibit B** is a true and

21   correct copy of such letter.

22       4.    I asked Mr. Freedman to contact to confirm his representation, or point me

23   to whom was currently representing Defendant (if he knew), and to warn him that I would

24   attempt to contact Defendant directly after February 29, 2008 (the date McManis was officially

25   relieved as counsel) – if he did not respond to me. *See* Exhibit B.

26       5.    I received no response from Mr. Freedman whatsoever.

27       6.    Thereafter, on March 3, 2008, after reviewing McManis' Letter's Proof of

28   Service to determine what email address and physical address McManis used to directly contact

1  Defendant, I caused to be emailed to Mr. Joshua T. Truesdale, the Chief Technology Officer of

2  Defendant, and who was well know by NetSuite to be the chief decision maker for Defendant, a

3  letter informing Mr. Truesdale that this firm represented NetSuite, and that pursuant to the

4  Federal Rules of Procedure, Defendant and NetSuite were required to engage in a "meet and

5  confer" process for the purpose of preparing a Joint Case Management Conference Statement.  I

6  also requested Mr. Truesdale that he immediately inform me of Defendant's new counsel.

7  Attached hereto as **Exhibit C** is a true and correct copy of such letter.

8           7.      Also on March 3, 2008, I mailed a copy of the letter to Mr. Truesdale via

9  U.S. Mail to the address listed on McManis' Proof of Service.  Attached hereto as **Exhibit D** is a

10  true and correct copy of such letter.

11          8.      Recently, I received a letter from "BizFilings Registered Agent

12  Department" – which apparently was the supposed corporate address for CIPC Worldwide

13  Holdings Corporation in the United States – and which stated that BizFilings had resigned as

14  Defendant's registered agent.  Attached hereto as **Exhibit E** is a true and correct copy of such

15  letter.

16          9.      In the course of this firm's investigation into this matter, I have learned

17  many disturbing facts about Mr. Truesdale and Defendant.  I have personally spoken to a

18  detective from Vancouver who was actively investigating Mr. Truesdale for FRAUD and other

19  crimes.  Indeed, when I spoke to the Vancouver detective, they informed me that in addition to

20  their investigation the Royal Canadian Mounted Police were also investigating Mr. Truesdale for

21  crimes on which he would not elaborate.  In addition, I have been informed and believe that

22  Joshua Truesdale is actually an alias used by a man named Scott Frederick Byers, who was

23  convicted of a scam in 2000 involving Playstations.  I was also referred to an article in the

24  Vancouver Sun from February 1, 2008, which further confirmed my investigation.  Attached

25  hereto as **Exhibit F** is a true and correct copy of such article.

26          10.     In the course of my investigation, I also found the name of a corporate

27  attorney who helped form CIPC Worldwide Holdings Corporation, and who spoke to reporters

28  from the Vancouver Sun, about a current scam involving iPhones in which Mr. Truesdale was

implicated, was listed as Shafik Bhallo. Accordingly, also on March 3, 2008, I wrote Mr. Bhallo

and informed him that I represented NetSuit; that Defendant was involved in a civil matter

before this Court; and that according to the Federal Rules of Civil Procedure, that Defendant

must be represented by counsel, and that the parties were required to "meet and confer."

Attached hereto as **Exhibit G** is a true and correct copy of such letter.

10.    On or about March 5, 2008, I received a fax from Mr. Bhallo, in which he

advised me that he did not represent CIPC. In addition, he informed me that he had forwarded

my correspondence directly to CIPC and asked its representative to contact me directly.

Attached hereto as **Exhibit H** is a true and correct copy of such letter.

11.    Despite my most thorough and best efforts as indicated herein, I have not

received any return communication from Mr. Truesdale or anyone at Defendant.

12.    I have also learned that CIPC Worldwide Corporation's incorporation

status in Delaware has been "forfeited." Attached hereto as **Exhibit I** is a true and correct copy

of a printout from the State of Delaware's Website, which shows such status.


I declare under penalty of perjury under that the foregoing is true and correct.

Executed on March 21, 2008, at San Carlos, California.

Peter C. McMahon

**EXHIBIT A**



January 18, 2008

VIA FEDERAL EXPRESS AND ELECTRONIC MAIL

Joshua Truesdale
Chief Technology Officer
CIPC Worldwide Holdings Corporation
108 West 13th Street
Wilmington, DE 19801

      Re:    NetSuite, Inc. v. CIPC Worldwide Holdings Corporation

Dear Mr. Truesdale:

Please be advised that this morning, I appeared before The Honorable Susan
Illston regarding McManis Faulkner & Morgan's motion to withdraw as counsel
of record for CIPC Worldwide Holdings Corporation ("CIPC") in the referenced
matter. Judge Illston has conditionally granted our motion effective February 29,
2008, provided that I send you this letter, copied to her and to opposing counsel
and file it with the Court. Judge Illston delayed the effective date of the order
granting our motion to withdraw to give CIPC ample time to find substitute
representation so that CIPC will not be prejudiced in this case.

Judge Illston wanted me to inform you that business entities must appear in Court
through an attorney. Persons who are not licensed to practice law and who are not
admitted to practice in the court in which a matter is pending may not represent a
corporation. Northern District California Rule of Court 3-9(b) provides that "A
corporation, unincorporated association, partnership or other such entity may
appear only through a member of the bar of this Court;" see also *United States v.
High Country Broadcasting Co., Inc.* (9th Cir. 1993) 3 F.3d 1244, 1245.

Thus, upon the effective date of the Court's order granting McManis Faulkner &
Morgan's motion to withdraw as counsel of record for CIPC, CIPC will not be
able to make any appearances in court, including filing any documents or
attending any hearings. The outcome of not being able to make an appearance is
that eventually default judgments will be taken against CIPC on NetSuite, Inc.'s
complaint and on CIPC's cross-claim. When you originally called our office, you
told us that CIPC's "normal" lawyers are Gibson Dunn & Crutcher LLP but that it
had a conflict. I encourage you to contact them for further information about this
issue, or for referrals to other attorneys.

A PROFESSIONAL CORPORATION    FAIRMONT PLAZA · 10TH FLOOR    TELEPHONE 408. 279. 8700
                            50 WEST SAN FERNANDO STREET    FACSIMILE 408. 279. 3244
                            SAN JOSE, CALIFORNIA 95113    www.mfmlaw.com

Joshua Truesdale
January 18, 2008
Page 2

_____

The Case Management Conference that was scheduled for February 5, 2008 has
been continued to March 28, 2008. There are certain court-ordered requirements
that parties must undertake in preparation for a Case Management Conference, as
well as other court mandated obligations generally. Judge Illston has relieved
McManis Faulkner & Morgan from having to comply with those requirements
pending the effective date of her order granting our withdrawal. Until then,
McManis Faulkner & Morgan will continue to receive all court filings on CIPC's
behalf and we will continue to forward them to you.

Since we filed our motion to withdraw, attorney Jerry Freedman contacted our
office. Since that initial call from him, we have not heard from him again. I
believe that his telephone number is (818) 784-9742. Of course, once CIPC finds
substitute counsel, my office will work with him or her to transition the case.

Very truly yours,

McMANIS FAULKNER & MORGAN

*Sharon Kirsch*

SHARON KIRSCH

SK/ha

cc:     Honorable Susan Illston
        Peter C. McMahon
        Gretta Vermeulen, Operations Manager, CIPC

**EXHIBIT B**



SAN CARLOS BUSINESS PARK
985 INDUSTRIAL ROAD, SUITE 201
SAN CARLOS, CA 94070

MCMAHON SEREPCA LLP

TEL 650-637-0600
FAX 650-637-0700
*www.msllp.com*

February 20, 2008

***VIA U.S. MAIL & FACSIMILE (818-784-4968)***

Jerry L. Freedman, Esq.
15315 Magnolia Blvd, Suite 408
Sherman Oaks, California 91403-1175

Re:    *NetSuite, Inc. v. CIPC Worldwide Holdings Corporation (Removed to Northern District of California Case No. C 07-05235SI)*

Dear Mr. Freedman:

It has come to my attention that you may have taken over representation of CIPC from McManis Faulkner & Morgan in the above-referenced matter. Please confirm as soon as possible if you are indeed currently representing (or intending to represent) CIPC in this matter.

As you may be aware, there is an upcoming Case Management Conference on March 28, 2008, which means that the Parties are required to submit a Joint Case Management Conference Statement at least 21 days in advance of such Conference. Accordingly, the Parties must meet and confer as soon as possible.

If you are not representing CIPC but you do know who is, please convey same to me. If you do not contact me by February 29, 2008, I shall assume that you are not representing CIPC and I shall thereafter endeavor to contact CIPC directly.

If you have any questions or comments, please do not hesitate to contact me at 650-637-0600.

Very truly yours,

Peter C. McMahon

```
**   Transmit  Conf.Report  **
```

P.1                                    Feb 20 2008  14:39

| Telephone Number | Mode | Start | Time | Pages | Result | Note |
|---|---|---|---|---|---|---|
| 18187844968 | NORMAL | 20,14:38 | 0'22" | 2 | # O K | |



**MCMAHON SEREPCA LLP**
**100 Marine Parkway, Suite 350**
**Redwood Shores, CA 94065-1046**
**Tel:    650-637-0600**
**Fax:    650-637-0700**

## FACSIMILE COVER SHEET

*Date:* **February 20, 2008**

| Fax To | Company | Fax Number |
|---|---|---|
| Jerry L. Freedman | **GCA Partners** | 818-784-4968 |

*From:* **Peter C. McMahon**
*Pages Transmitted:* **2** (including cover)

## COMMENTS

Letter

**NOTICE TO THE RECIPIENT**:  THIS FACSIMILE AND ANY DOCUMENTS ACCOMPANYING IT HAS
BEEN SENT TO YOU BY A LAW FIRM, AND MAY CONTAIN INFORMATION PRIVILEGED BY LAW.
IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY
DISCLOSURE, COPYING, DISSEMINATION OR OTHER DISTRIBUTION OF THIS DOCUMENT IS
STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR AND DESTROY THIS
DOCUMENT AND ANY OTHER ACCOMPANYING PAGES IMMEDIATELY.  THANK YOU IN
ADVANCE FOR YOUR COOPERATION.



**MCMAHON SEREPCA LLP**
**100 Marine Parkway, Suite 350**
**Redwood Shores, CA 94065-1046**
**Tel:    650-637-0600**
**Fax:    650-637-0700**

## FACSIMILE COVER SHEET

*Date:* **February 20, 2008**

| Fax To | Company | Fax Number |
|---|---|---|
| **Jerry L. Freedman** | **GCA Partners** | **818-784-4968** |

*From:* **Peter C. McMahon**
*Pages Transmitted:* **2** (including cover)

## COMMENTS

Letter

**NOTICE TO THE RECIPIENT**: THIS FACSIMILE AND ANY DOCUMENTS ACCOMPANYING IT HAS BEEN SENT TO YOU BY A LAW FIRM, AND MAY CONTAIN INFORMATION PRIVILEGED BY LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISSEMINATION OR OTHER DISTRIBUTION OF THIS DOCUMENT IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR AND DESTROY THIS DOCUMENT AND ANY OTHER ACCOMPANYING PAGES IMMEDIATELY. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

**EXHIBIT C**

## Pamela L. Kelly

| | |
|---|---|
| From: | Pamela L. Kelly [pam@msllp.com] |
| Sent: | Monday, March 03, 2008 11:33 AM |
| To: | 'josh@cipccorp.com' |
| Subject: | NetSuite, Inc. v. CIPC Worldwide Holdings Corporation: US Federal District Court, No. District of California, Case No. C07-05235SI |

| | |
|---|---|
| Importance: | High |

Mr. Truesdale,

Please see attached for a letter from Peter C. McMahon of McMahon Serepca LLP, counsel for NetSuite, Inc., regarding the above-entitled action.



NS v CIPC - Letter
to Joshua T...

Regards,
Pam Kelly

Pamela L. Kelly, Esq.
McMahon Serepca LLP
985 Industrial Road, Suite 201
San Carlos, CA 94070-4157
Tel: (650) 637-0600 - Fax: (650) 637-0700
E-mail: pam@msllp.com
www.msllp.com

NOTICE TO THE RECIPIENT: THIS EMAIL AND ANY DOCUMENTS ATTACHED TO IT HAS BEEN SENT TO YOU BY A LAW FIRM, AND MAY CONTAIN INFORMATION PRIVILEGED BY LAW.  IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISSEMINATION OR OTHER DISTRIBUTION OF THIS EMAIL OR ITS ATTACHMENTS IS STRICTLY PROHIBITED.  PLEASE NOTIFY US IMMEDIATELY OF THE ERROR AND DESTROY THIS DOCUMENT AND ANY OTHER ACCOMPANYING PAGES IMMEDIATELY.  THANK YOU IN ADVANCE FOR YOUR COOPERATION.

IN ACCORDANCE WITH TREASURY REGULATIONS CIRCULAR 230, WE INFORM YOU THAT ANY TAX ADVICE CONTAINED IN THIS COMMUNICATION WAS NOT INTENDED OR WRITTEN TO BE USED, AND CANNOT BE USED, FOR THE PURPOSE OF (I) AVOIDING TAX-RELATED PENALTIES UNDER THE INTERNAL REVENUE CODE OR (II) PROMOTING, MARKETING OR RECOMMENDING TO ANOTHER PARTY ANY TAX-RELATED MATTER ADDRESSED HEREIN.



SAN CARLOS BUSINESS PARK       MCMAHON SEREPCA LLP       TEL 650-637-0600
985 INDUSTRIAL ROAD, SUITE 201                       FAX 650-637-0700
SAN CARLOS, CA 94070                                           www.msllp.com

March 3, 2008

***VIA U.S. MAIL & EMAIL (josh@cipccorp.com)***

Mr. Joshua T. Truesdale
Chief Technology Officer
CIPC Worldwide Holdings Corporation
108 West 13th Street
Wilmington, DE 19801

Re:     *NetSuite, Inc. v. CIPC Worldwide Holdings Corporation (United States Federal*
        *District, Northern District of California -  Court Case No. C07-05235SI)*

Dear Mr. Truesdale:

This Firm represents NetSuite, Inc. in the above referenced matter, which is currently
pending in the United States District Court for the Northern District of California. As
you know, the District Court recently granted CIPC Worldwide Holdings Corporation's
("CIPC") former local counsel's Motion to Withdraw As Counsel, which was effective
February 29, 2008.

Under the Federal Rules of Civil Procedure, and the local rules of Court, CIPC must be
represented by counsel and must engage in a "meet and confer" process prior to March
21, 2008, with my office, for the purpose of preparing a Joint Case Management
Statement.

Please immediately inform me of CIPC's current counsel in this matter, so that I may
conduct the "meet and confer" process. If you have any questions or comments, please
do not hesitate to contact me.

Very truly yours,

Peter C. McMahon

**EXHIBIT D**



SAN CARLOS BUSINESS PARK
985 INDUSTRIAL ROAD, SUITE 201
SAN CARLOS, CA 94070

MCMAHON SEREPCA LLP

TEL 650-637-0600
FAX 650-637-0700
www.msllp.com

March 3, 2008

*VIA U.S. MAIL & EMAIL (josh@cipccorp.com)*

Mr. Joshua T. Truesdale
Chief Technology Officer
CIPC Worldwide Holdings Corporation
108 West 13th Street
Wilmington, DE 19801

Re:     *NetSuite, Inc. v. CIPC Worldwide Holdings Corporation (United States Federal District, Northern District of California - Court Case No. C07-05235SI)*

Dear Mr. Truesdale:

This Firm represents NetSuite, Inc. in the above referenced matter, which is currently pending in the United States District Court for the Northern District of California. As you know, the District Court recently granted CIPC Worldwide Holdings Corporation's ("CIPC") former local counsel's Motion to Withdraw As Counsel, which was effective February 29, 2008.

Under the Federal Rules of Civil Procedure, and the local rules of Court, CIPC must be represented by counsel and must engage in a "meet and confer" process prior to March 21, 2008, with my office, for the purpose of preparing a Joint Case Management Statement.

Please immediately inform me of CIPC's current counsel in this matter, so that I may conduct the "meet and confer" process. If you have any questions or comments, please do not hesitate to contact me.

Very truly yours,

Peter C. McMahon

Mr. Joshua T. Truesdale
Chief Technology Officer
CIPC Worldwide Holdings Corporation
108 West 13th Street
Wilmington, DE 19801

MCMAHON SEREPCA LLP
985 INDUSTRIAL ROAD, SUITE 201
SAN CARLOS, CA 94070

**EXHIBIT E**

# Resignation Notice

BizFilings has resigned with the state as registered agent for this company.

Company Name: CIPC Worldwide Holdings Corporation

Effective Date: 1|14|2008

We are returning the enclosed documents to you.

BizFilings
Registered Agent Department



SAN CARLOS BUSINESS PARK
985 INDUSTRIAL ROAD, SUITE 201
SAN CARLOS, CA 94070

MCMAHON SEREPCA LLP

TEL 650-637-0600
FAX 650-637-0700
www.msllp.com

March 3, 2008

*VIA U.S. MAIL & EMAIL (josh@cipccorp.com)*

Mr. Joshua T. Truesdale
Chief Technology Officer
CIPC Worldwide Holdings Corporation
108 West 13th Street
Wilmington, DE 19801

Re:    *NetSuite, Inc. v. CIPC Worldwide Holdings Corporation (United States Federal
        District, Northern District of California - Court Case No. C07-05235SI)*

Dear Mr. Truesdale:

This Firm represents NetSuite, Inc. in the above referenced matter, which is currently
pending in the United States District Court for the Northern District of California. As
you know, the District Court recently granted CIPC Worldwide Holdings Corporation's
("CIPC") former local counsel's Motion to Withdraw As Counsel, which was effective
February 29, 2008.

Under the Federal Rules of Civil Procedure, and the local rules of Court, CIPC must be
represented by counsel and must engage in a "meet and confer" process prior to March
21, 2008, with my office, for the purpose of preparing a Joint Case Management
Statement.

Please immediately inform me of CIPC's current counsel in this matter, so that I may
conduct the "meet and confer" process. If you have any questions or comments, please
do not hesitate to contact me.

Very truly yours,

Peter C. McMahon

**EXHIBIT F**

 **canada**.com
WHERE PERSPECTIVES CONNECT

Friday » March
21 » 2008

# Authorities ask public for help in investigation of iPhone seller

**Gillian Shaw**
Vancouver Sun

*Friday, February 01, 2008*

Police and consumer protection authorities are investigating Vancouver-based iPhoneNow.ca and are asking people who have paid hundreds of dollars for iPhones that were never delivered to step forward.

The company is associated with Joshua Tristan Trousdale, a Port Coquitlam man who has been convicted of fraud relating to the sale of PlayStations over the Internet, and has successfully quelled complaints in the past with threats of costly lawsuits.

But now, British Columbia's consumer watchdog is warning consumers to report such threats to the police.

"We have opened a file and we are investigating it now," said Tatiana Chabeaux-Smith, spokeswoman for the Business Practices and Consumer Protection Authority of BC.

"If anyone has been involved in this situation we definitely encourage them to call us."

Consumers can report their dealings with iPhoneNow.ca at 1-888-564-9963 or by e-mail at info@bpcpa.ca.

She said if consumers are threatened with legal action for complaining about the company, they should go to the police.

Coquitlam RCMP Const. Linda Barrett said the RCMP is investigating and consumers with complaints about the company should call 604-945-1488.

Visa Canada said it is also investigating. Gord Jamieson, director of payment-system risk, said consumers should know that if they did not receive goods they have paid for, they have the right to ask Visa to have their money refunded.

Jamieson said iPhoneNow.ca's practice of charging customers $500 plus tax for requesting a charge back from Visa is not allowed by Visa.

"There is no merit in that at all," said Jamieson. "If that charge showed up it would be an unauthorized charge."

Meanwhile, iPhoneNow.ca has continued its tactic of trying to squelch complaints with threats of legal action.

Port Moody real estate agent Candace Cappellaro said a man identifying himself as Justin from iPhoneNow.ca phoned her Thursday after The Vancouver Sun quoted her as saying she and her husband paid $967.46 via bank debit for an iPhone that never arrived.

"He said I talked to The Vancouver Sun and ... you're in trouble because it's not true, you

Print Story - canada.com network
Page 2 of 2
Case 3:07-cv-05235-SI     Document 33     Filed 03/21/2008     Page 23 of 31

can't say that," said Cappellaro.

Cappellero said the caller told her she had to retract her statements or he would sue.

"He said, 'I'm going to put the money in your account, it takes 48 hours and if we don't have a retraction in The Vancouver Sun in 72 hours you'd better get a lawyer.'"

Trousdale has not returned repeated calls from The Vancouver Sun.

A 16-year-old who said he did some work for Trousdale was also threatened with legal action when he posted entries in online blogs.

"His lawyer called us," said Kelsey Hougen. "They said if I didn't retract by the end of the week ... they would sue."

Hougen said he met Trousdale a couple of years ago through a friend on the Internet.

"He is usually a nice guy if you are personally friends with him. He buys his friends stuff, it seems like he has a lot of money, he has a nice house, a big TV, a brand-new BMW, that sort of stuff."

Hougen said he was phoned by Vancouver lawyer Shafik Bhalloo, who is a partner in Kornfeld Mackof Silber LLP. Bhalloo was listed in a letter written by Trousdale as iPhoneNow.ca's "authorized spokesperson."

Bhalloo told The Sun he does not work for iPhoneNow.ca, but refused to confirm or deny he works for an associated company, CIPC Worldwide Holdings Corp.

Valerie MacLean, executive director of the BC Crime Prevention Association, said the threat of legal action can intimidate consumers.

"When we receive information like this, we refer it to law enforcement authorities," said MacLean, whose association has received complaints about iPhoneNow.ca.

"As a consumer, do not be afraid of asserting your legal rights."

The legal threat is a tactic familiar to Kent Molgat, a reporter with CBC-TV affiliate CHBC in Kelowna who says he was threatened with a $5-million lawsuit by Trousdale after reporting on him and his business operations. But he never actually sued and soon left Kelowna.

It's also familiar to Ghobi Ghasempour, who said his wholesale photo frame company lost $2,300 to Trousdale just over a year ago when a discount store he was involved in opened on West 41st Ave., but soon closed down, leaving suppliers with unpaid bills.

gshaw@png.canwest.com

© The Vancouver Sun 2008

CLOSE WINDOW

Copyright © 2008 CanWest Interactive, a division of CanWest MediaWorks Publications, Inc.. All rights reserved.
CanWest Interactive, a division of CanWest MediaWorks Publications, Inc.. All rights reserved.

**EXHIBIT G**



SAN CARLOS BUSINESS PARK
985 INDUSTRIAL ROAD, SUITE 201
SAN CARLOS, CA 94070

MCMAHON SEREPCA LLP

TEL 650-637-0600
FAX 650-637-0700
www.msllp.com

March 3, 2008

**VIA FACSIMILE (604-683-0570)**

Mr. Shafik Bhalloo
Kornfeld Mackoff Silber LLP
Suite 1100, One Bentall Centre, 505 Burrard Street
Vancouver, British Columbia V7X 1M5

Re:   *NetSuite, Inc. v. CIPC Worldwide Holdings Corporation (United States Federal
      District, Northern District of California - Court Case No. C07-05235SI)*

Dear Mr. Bhalloo:

This Firm represents NetSuite, Inc. in the above referenced matter, which is currently
pending in the United States District Court for the Northern District of California.  The
District Court recently granted CIPC Worldwide Holdings Corporation's ("CIPC")
former local counsel's Motion to Withdraw As Counsel, which was effective February
29, 2008, based upon CIPC's failure to pay.

I recently read an article by Gillian Shaw of Canwest News Service (published February
1, 2008), wherein you were identified as potentially representing CIPC.  I write to you to:
(1) inquire if that is accurate; and (2) to inform you that certain important procedural
matters must be completed before March 21, 2008, which require the Parties to "meet and
confer."

Under the Federal Rules of Civil Procedure, CIPC must be represented by counsel.  If
you are aware of CIPC's current local counsel, please inform me immediately.  If you
have any questions or comments, please do not hesitate to contact me.

Very truly yours,

Peter C. McMahon

## \*\*  Transmit  Conf. Report  \*\*

P.1                                                    Mar  3 2008  11:44

| Telephone Number | Mode | Start | Time | Pages | Result | Note |
|------------------|------|-------|------|-------|--------|------|
| 16046830570 | NORMAL | 3,11:43 | 0'28" | 2 | # O K | |



**MCMAHON SEREPCA LLP**
**100 Marine Parkway, Suite 350**
**Redwood Shores, CA 94065-1046**
**Tel:    650-637-0600**
**Fax:    650-637-0700**

### FACSIMILE COVER SHEET

*Date:* **March 3, 2008**

| Fax To | Company | Fax Number |
|--------|---------|------------|
| **Shafik Bhalloo** | **Kornfeld Mackoff Silber LLP** | **604-683-0570** |

*From:* **Peter C. McMahon**
*Pages Transmitted:* **2** (including cover)

### COMMENTS

Letter

**NOTICE TO THE RECIPIENT**: THIS FACSIMILE AND ANY DOCUMENTS ACCOMPANYING IT HAS BEEN SENT TO YOU BY A LAW FIRM, AND MAY CONTAIN INFORMATION PRIVILEGED BY LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISSEMINATION OR OTHER DISTRIBUTION OF THIS DOCUMENT IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR AND DESTROY THIS DOCUMENT AND ANY OTHER ACCOMPANYING PAGES IMMEDIATELY. THANK YOU IN ADVANCE FOR YOUR COOPERATION.



**MCMAHON SEREPCA LLP**
100 Marine Parkway, Suite 350
Redwood Shores, CA 94065-1046
Tel:    650-637-0600
Fax:    650-637-0700

## FACSIMILE COVER SHEET

*Date:* **March 3, 2008**

| *Fax To* | *Company* | *Fax Number* |
|---|---|---|
| **Shafik Bhalloo** | **Kornfeld Mackoff Silber LLP** | **604-683-0570** |

*From:* **Peter C. McMahon**
*Pages Transmitted:* **2** (including cover)

## COMMENTS

Letter

**NOTICE TO THE RECIPIENT**: THIS FACSIMILE AND ANY DOCUMENTS ACCOMPANYING IT HAS BEEN SENT TO YOU BY A LAW FIRM, AND MAY CONTAIN INFORMATION PRIVILEGED BY LAW. IF YOU ARE NOT THE INTENDED RECIPIENT, YOU ARE HEREBY NOTIFIED THAT ANY DISCLOSURE, COPYING, DISSEMINATION OR OTHER DISTRIBUTION OF THIS DOCUMENT IS STRICTLY PROHIBITED. PLEASE NOTIFY US IMMEDIATELY OF THE ERROR AND DESTROY THIS DOCUMENT AND ANY OTHER ACCOMPANYING PAGES IMMEDIATELY. THANK YOU IN ADVANCE FOR YOUR COOPERATION.

# EXHIBIT H

# KORNFELD MACKOFF SILBER LLP

*Barristers & Solicitors*

1100 ONE BENTALL CENTRE, 505 BURRARD STREET, BOX 11
VANCOUVER, B.C., CANADA, V7X 1M5
TELEPHONE: 604-331-8300  FACSIMILE: 604-683-0570
www.kmslawyers.com

THIS MESSAGE IS CONFIDENTIAL AND MAY CONTAIN PRIVILEGED INFORMATION. THE READER OF THIS MESSAGE, IF NOT THE INTENDED RECIPIENT, IS STRICTLY PROHIBITED FROM ANY REVIEW, DISSEMINATION, DISTRIBUTION, USE OR COPYING OF THIS MATERIAL. IF IT HAS BEEN RECEIVED IN ERROR, PLEASE NOTIFY US PROMPTLY BY TELEPHONE, AND RETURN THE ORIGINAL MESSAGE TO US BY MAIL AT THE ABOVE ADDRESS. THANK YOU FOR YOUR COOPERATION.

**DATE:** 5 March 2008

**To:** Peter C. McMahon

**FROM:** Shafik Bhalloo
604 331 8308
sbhalloo@kmslawyers.com

**FILE NO:** CIP001.HOU801

**FAX NUMBER:** **650 637 0700**

**TOTAL PAGES INCLUDING THIS COVER PAGE** 1

**RE:** *NetSuite, Inc. v. CIPC Worldwide Holdings Corporation*

Mr. McMahon,

We are in receipt of your correspondence of March 3, 2008.

Please be advised that I do not, at present, act for CIPC. I have, however, forwarded your correspondence to CIPC and asked that their representative contact you directly.

Shafik Bhalloo

# EXHIBIT I



# State of Delaware
## The Official Website for the First State



Visit the Governor | General Assembly | Courts | Other Elected Officials | Federal, State & Local Sites

State Directory | Help | Search Delaware [        ] [GO]          Citizen Services | Business Services | Visitor Info.

**Department of State: Division of Corporations**

HOME
About Agency
Secretary's Letter
Newsroom
Frequent Questions
Related Links
Contact Us
Office Location

SERVICES
Pay Taxes
File UCC's
Delaware Laws Online
Name Reservation
General Information
Status
Validate Certificate

INFORMATION
Corporate Forms
Corporate Fees
UCC Forms and Fees
UCC Searches
Taxes
Expedited Services
Service of Process
Registered Agents
Get Corporate Status
Submitting a Request

Frequently Asked Questions    View Search Results    Summary of Charges    Logout

## Entity Details

| | | | |
|---|---|---|---|
| File Number: | 4329264 | Incorporation Date / Formation Date: | 04/04/2007 (mm/dd/yyyy) |
| Entity Name: | CIPC WORLDWIDE HOLDINGS CORPORATION | | |
| Entity Kind: | CORPORATION | Entity Type: | GENERAL |
| Residency: | DOMESTIC | State: | DE |
| Status: | FORFEITED | Status Date: | 00/00/0000 |

**TAX INFORMATION**

| | | | |
|---|---|---|---|
| Last Annual Report Filed: | NO REPORTS ON FILE | | |
| Annual Tax Assessment: | $ 35.00 | Tax Due: | $ 0.00 |
| Tax Status: | CURRENT | Total Authorized Shares: | 1,500 |

**REGISTERED AGENT INFORMATION**

Name:            No registered agent on record.

**FILING HISTORY (Last 5 Filings)**

| Seq | Document Code | Description | No. of pages | Filing Date (mm/dd/yyyy) | Filing Time | Effective Date (mm/dd/yyyy) |
|---|---|---|---|---|---|---|
| 1 | 0136 | Agent Resignation w/o Apt | 1 | 01/14/2008 | 11:13 | 01/14/2008 |
| 2 | 0102S | Incorp Delaware Stock Co. | 1 | 04/04/2007 | 15:27 | 04/04/2007 |

[ Back to Entity Search ]

[ Printable Version ]

To contact a Delaware Online Agent click here.

site map | about this site | contact us | translate | delaware.gov