1   PETER C. McMAHON (State Bar No. 161841)
    PAMELA L. KELLY (State Bar No. 230721)
2   McMAHON SEREPCA LLP
    985 Industrial Road, Suite 201
3   San Carlos, CA 94070-4157
    Tel: 650-637-0600
4   Fax: 650-637-0700

5   Attorneys for Plaintiff
    NETSUITE, INC.
6

7                    UNITED STATES DISTRICT COURT

8                   NORTHERN DISTRICT OF CALIFORNIA

9                      SAN FRANCISCO DIVISION

10

11  NETSUITE, INC., a California corporation,    )  CASE NO: **3:07-cv-05235-SI**
                                                 )
12          Plaintiff,                           )
                                                 )
13      vs.                                      )  **NETSUITE, INC.'S MEMORANDUM
                                                 )  OF POINTS AND AUTHORITIES IN
14                                               )  SUPPORT OF NETSUITE, INC.'S
    CIPC WORLDWIDE HOLDINGS                      )  MOTION FOR TERMINATING
15  CORPORATION, a Delaware corporation,         )  AND MONETARY SANCTIONS
    and DOES One through Ten, inclusive,         )  AGAINST CIPC WORLDWIDE
16                                               )  HOLDINGS CORPORATION OR IN
17          Defendants.                          )  THE ALTERNATIVE FOR SUMMARY
                                                 )  JUDGMENT**
18  _____ )
                                                 )
19  CIPC WORLDWIDE HOLDINGS                      )
    CORPORATION                                  )
20                                               )
            Counter-claimant,                    )  **Hearing**
21                                               )  **Date:**       July 18, 2008
        vs.                                      )  **Time:**       9:00 a.m.
22                                               )  **Courtroom:**  10, 19th Floor
    NETSUITE, INC.                               )  **Judge:**      Honorable Susan Illston
23                                               )
24          Counter-defendant.                   )
                                                 )
25  _____ )

26

27

28

TABLE OF CONTENTS

I.    INTRODUCTION                                                                          2

II.   STATEMENT OF RELEVANT FACTS                                             2

III.  LEGAL ARGUMENT                                                                    6

      A.  The Court Should Impose Terminating And Monetary Sanctions
          Against Defendant For Its Failure To Comply With The Federal
          Rules Of Civil Procedure And This Court's Local Rules and Orders.     6

              1.  Defendant Has Repeatedly Disobeyed The Federal
                  Rules Of Civil Procedure And This Court's Local Rules
                  And Orders.                                                               6

              2.  Terminating And Monetary Sanctions Against Defendant
                  Are Authorized.                                                            7

              3.  Imposing Terminating Sanctions Against This Defendant
                  Is Just.                                                                      8

              4.  The Court Should Strike Defendant's Answer, Enter Default
                  Judgment Against Defendant On NetSuite's Complaint And
                  Defendant's Counterclaim, And Award NetSuite Monetary
                  Sanctions.                                                                   9

      B.  NetSuite Is Entitled To Summary Judgment As To Its Complaint
          And As To Defendant's Counterclaim.                                          9

              1.  NetSuite's Motion For Summary Judgment Is Timely.           10

              2.  Defendant's Failure To Object Or Respond To NetSuite's
                  Requests Deems The Matters Therein Admitted.                    10

              3.  Defendant's Default Admissions Can Support A Grant
                  Of Summary Judgment.                                                   10

              4.  Summary Judgment Is Appropriate As To NetSuite's
                  Complaint Because There Is No Genuine Issue As To
                  Any Material Fact In The Complaint.                                   11

                      a.  Defendant Has Admitted That It Breached The
                          Parties' Contract Without Justification Or Excuse.       11

                      b.  Defendant Has Admitted That It Breached The
                          Implied Covenant Of Good Faith And Fair Dealing.      12

                      c.  Defendant Has Admitted That NetSuite Is Entitled
                          To Recovery For Work, Labor, And Services
                          (Quantum Meruit).                                               12

5. Summary Judgment Is Appropriate As To Defendant's
Counterclaim. .................................................... 13

   a. Defendant's Cannot Establish Its First Cause Of
Action For Fraud And Rescission. ........................ 13

   b. Defendant's Cannot Establish Its Second Cause Of
Action For Promise Made Without Intent To Perform
And Rescission. ............................................. 14

   c. Defendant's Cannot Establish Its Third Cause Of
Action For Negligent Misrepresentation And
Rescission. .................................................. 15

   d. Defendant's Cannot Establish Its Fourth Cause Of
Action For Mistake And Rescission. ..................... 15

   e. Defendant's Cannot Establish Its Fifth Cause Of
Action For Breach Of Contract. .......................... 16

   f. Defendant Cannot Establish Its Sixth Cause Of
Action For Breach Of The Covenant Of Good Faith
And Fair Dealing. .......................................... 16

IV.   CONCLUSION .................................................... 17

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# TABLE OF AUTHORITIES

Page

*Adickes* v. *S.H. Kress & Co.*
   398 US 144 (1970)        13

*Chambers* v. *NASCO, Inc.*
   501 U.S. 32 (1991)        7

*Electronics for Imaging, Inc.* v. *Photoscript Group Ltd.*
   1999 U.S. Dist. LEXIS 7395 (N.D. Cal. May 10, 1999)        7, 8

*Federal Trade Comm.* v. *Medicor LLC*
   (CD CA 2002) 217 F.Supp.2d 1048        10

*In Re Carney*
   258 F.3d 415, 420 (5th Cir. 2001)        11

*Link* v. *Wabash R.R. Co.*
   370 U.S. 626 (1962)        7

*Malone* v. *U.S. Postal Service*
   833 F.2d 128, 129-33 (9th Cir. 1987)        7

*O'Bryant* v. *Allstate Ins. Co.*
   (D CT 1985) 107 FRD 45        10

*Stars' Desert Inn Hotel & Country Club, Inc.* v. *Hwang*
   105 F.3d 521 (9th Cir. 1997)        7, 9

# OTHER AUTHORITIES

Page

California Jury Instructions: Civil [BAJI]
   Thomson West Fall (2006 Edition)
      BAJI 10.71        11, 12
      BAJI 10.85        11, 16
      BAJI 12.31        14
      BAJI 12.40        14
      BAJI 12.45        15

Federal Rules Of Civil Procedure
   Rule 7.1        6
   Rule 7.1(a)        6
   Rule 7.1(b)        6
   Rule 16        7, 8
   Rule 16(f)        7
   Rule 16(f)(1)        9

Rule 16(f)(1)(A)                                                8
Rule 16(f)(1)(C)                                                8
Rule 16(f)(2)                                                 8, 9
Rule 26(a)(1)(C)                                                6
Rule 36                                                       10
Rule 36(a)(3)                                               10, 12
Rule 37                                                        7
Rule 37(b)(2)(A)                                                8
Rule 37(b)(2)(A)(ii)                                            8
Rule 37(b)(2)(A)(iii)                                         8, 9
Rule 37(b)(2)(A)(iv)                                           8
Rule 37(b)(2)(A)(v)                                          8, 9
Rule 37(b)(2)(A)(vi)                                         8, 9
Rule 37(b)(2)(A)(vii)                                          8
Rule 37(b)(2)(C)                                               7
Rule 56                                                      9, 10
Rule 56(a)                                                    10
Rule 56(b)                                                    10

U.S. District Court, Northern District of California Local Rules
Local Rule 1-4                                                7, 9
Local Rule 3-9                                                 7
Local Rule 3.16                                               6

Federal Civil Rules Handbook 2008
Authors' Commentary on Rule 56, page 977                      10

Schwartzer, Tashima & Wagstaffe, CAL. PROC. GUIDE: FED. CIV. PRO.
BEFORE TRIAL (The Rutter Group 2008)
[14:109]                                                     13
[14:130]                                                     13
[11:2070]                                                    10
[11:2071]                                                    10

Witkin Summary of California Law 10th Edition
(Thomson West 2008)
§ 798                                                       12, 16

1    **I.    INTRODUCTION**

2           Plaintiff NetSuite, Inc. ("NetSuite") has vigorously pursued its case against

3    defendant CIPC Worldwide Holdings Corporation ("CIPC" or "Defendant"), vigorously

4    defended against Defendant's counterclaim, and complied with the Federal Rules of Civil

5    Procedure ("FRCP") and the United States District Court, Northern District of California's (this

6    "Court") local rules ("Local Rules") and orders ("Orders").  Defendant, on the other hand, has

7    been unresponsive to NetSuite's meet and confer efforts and discovery requests.  Further,

8    Defendant has not complied with the FRCP or this Court's Local Rules or Orders.  Accordingly,

9    NetSuite respectfully requests that this Court strike Defendant's answer to NetSuite's complaint.

10   Further, NetSuite requests that this Court render a default judgment against Defendant on

11   NetSuite's complaint and on Defendant's counterclaim and impose monetary sanctions against

12   Defendant.  Should this Court find insufficient grounds to warrant terminating and monetary

13   sanctions, NetSuite respectfully requests that the Court grant NetSuite summary judgment

14   against Defendant on NetSuite's complaint and on Defendant's counterclaim.

15   **II.    STATEMENT OF RELEVANT FACTS**

16          On August 29, 2007, after it was unable to resolve its disputes with Defendant

17   informally, NetSuite filed and served a complaint against Defendant for: 1) Breach of Contract;

18   2) Breach of the Implied Covenant of Good Faith and Fair Dealing; and 3) Work, Labor, and

19   Services (*Quantum Meruit*) ("Complaint") with the Superior Court of California, County of San

20   Mateo (Case No. CIV465719).  *See* PLK Decl. [1], ¶ 2 and Exh. A.  Defendant was personally

21   served with the Summons and Complaint on September 12, 2007 through its Registered Agent,

22   Business Filings Incorporated ("BizFilings"), in Wilmington, Delaware.  *Id.*, ¶ 3 and Exh. B.  On

23   October 12, 2007, Defendant filed its Notice of Removal of Case this Court pursuant to 28

24   U.S.C. §§ 1332, 1441, and 1446.  *See* RJN[2], ¶ 1 and Exh. A.  At that time, Geoffrey M. Bentzel,

25   _____

26   [1] "PLK Decl." Refers to the Declaration of Pamela L. Kelly In Support of NetSuite, Inc.'s Motion for Terminating
27   and Monetary Sanctions Against CIPC Worldwide Holdings Corporation Or In The Alternative For Summary
     Judgment, filed concurrently herewith.
28   [2] "RJN" Refers to NetSuite, Inc.'s Request For Judicial Notice In Support of NetSuite, Inc.'s Motion for
     Terminating and Monetary Sanctions Against CIPC Worldwide Holdings Corporation Or In The Alternative For
     Summary Judgment, filed concurrently herewith.

1  Sharon S. Kirsch, and William Faulkner of McManis Faulkner & Morgan ("Defendant's

2  Counsel" or "Former Counsel") represented Defendant. *See* RJN, ¶ 2.

3          On October 17, 2007, Defendant filed its answer to NetSuite's Complaint. *Id.*, ¶

4  3. Additionally, Defendant filed a counterclaim against NetSuite for: 1) Fraud & Rescission; 2)

5  Promise Made Without Intent to Perform & Rescission; 3) Negligent Misrepresentation &

6  Rescission; 4) Mistake & Rescission; 5) Breach of Contract; and 6) Breach of the Covenant of

7  Good Faith and Fair Dealing ("Counterclaim"). *Id.*, ¶ 4. On November 2, 2007, Defendant's

8  Counsel filed its motion, with supporting papers, to withdraw as counsel for Defendant ("Motion

9  to Withdraw"). *Id.*, ¶ 5. On November 6, 2007, NetSuite filed its answer to Defendant's

10  Counterclaim. *Id.*, ¶ 6. On November 16, 2007, this case was reassigned from the Honorable

11  James Larson to the Honorable Susan Illston. *Id.*, ¶ 7. On November 20, 2007, the clerk of this

12  Court rescheduled the hearing on the Motion to Withdraw to January 18, 2008, set the initial case

13  management conference for Friday, February 8, 2008, and notified the parties of their obligation

14  to comply with this Court's Case Management Order. *Id.*, ¶ 8 and Exh. C.

15          On January 18, 2008, this Court granted counsel for Defendant's Motion to

16  Withdraw, effective February 29, 2008 ("MTW Order"). *Id.*, ¶ 9 and Exh D. The MTW Order

17  mandated that Defendant's inform Defendant in writing of the following: (1) the Court has

18  granted the motion to withdraw effective February 29, 2008; (2) the necessity for defendant to

19  secure new representation, and the consequences of the failure to do so; and (3) the next case

20  management conference is scheduled for March 28, 2008 at 2:00 p.m. *Id.* Also on January 18,

21  2008, Defendant's Counsel filed a letter addressed to Defendant along with a certificate of

22  service. *Id.*, ¶ 10 and Exh. E. The January 18, 2008 letter informed Defendant that: (1) that the

23  Motion to Withdraw had been granted; (2) the necessity for Defendant to secure new

24  representation; (3) the consequences of Defendant's failure to secure new representation; and (4)

25  that the next case management conference was set for March 28, 2008 ("CMC"). *Id.* On March

26  10, 2008, Defendant's Former Counsel asked this Court to remove references to McManis

27  Faulkner & Morgan from the Court files and website as attorney for record for CIPC. *Id.*, ¶ 11

28  and Exh. F.

1        On February 20, 2008, counsel for NetSuite wrote Defendant's previous counsel,

2    Jerry L. Freedman ("Mr. Freedman") to ascertain whether he had taken over representation of

3    Defendant from McManis Faulkner & Morgan ("February Letter"). *See* PLK Decl., ¶ 4 and Exh.

4    C. The February Letter requested that Mr. Freedman confirm whether or not he represented

5    Defendant, and if he did not represent Defendant, to convey the name of Defendant's new

6    counsel. *Id.* Further, the February Letter informed Mr. Freedman of the March 28, 2008 CMC

7    and the requirement that the parties meet and confer and file a Joint Case Management

8    Conference Statement at least 21 days before that date. *Id.* Finally, the February Letter

9    informed Mr. Freedman that NetSuite would presume that he was not representing Defendant if

10    he did not contact Mr. McMahon by February 29, 2008. *Id.* Mr. Freedman did not contact

11    NetSuite counsel on, before, or after February 29, 2008. *Id.*, ¶ 5.

12        On March 3, 2008, after Internet research to locate a possible counsel for

13    Defendant, counsel for NetSuite contacted Shafik Bhalloo ("Mr. Bhalloo") of Kronfeld Mackoff

14    Silber LLP in Vancouver, British Columbia because he and his law firm were mentioned in a

15    news article about Defendant. *Id.*, ¶ 6 and Exh. D. NetSuite's counsel asked whether Mr.

16    Bhalloo represented Defendant and informed him that there were procedural requirements to be

17    completed by March 21, 2008. *Id.* Mr. Bhalloo responded to NetSuite by facsimile on March 5,

18    2008, indicating that he did not act for CIPC, but that he had forwarded the March 3, 2008 letter

19    to CIPC, and asked that CIPC contact NetSuite's counsel directly. *Id.*, ¶ 7 and Exh. E.

20    NetSuite's counsel never received a response from anyone at CIPC. *Id.*, ¶ 8.

21        Also on March 3, 2008, counsel for NetSuite sent a letter to Joshua Truesdale

22    ("Truesdale"), Defendant's Chief Technology Officer, via mail (at BizFiling's address) and

23    email (josh@cicpcorp.com) informing him of Defendant's need to secure new counsel and of the

24    need for the parties to meet and confer prior to March 21, 2008 in order to prepare and file a

25    Joint Case Management Statement with this Court. *Id.*, ¶¶ 12-13 and Exh. E. NetSuite's counsel

26    asked Truesdale to inform him of Defendant's current counsel in this manner. *Id.*, Exh. E.

27    NetSuite's counsel received no error message indicating that its March 3, 2008 email

28    transmission to Truesdale had failed. *Id.*, ¶ 13. NetSuite's counsel never received a response

1    from Truesdale or Defendant. *See* PLK Decl., ¶ 14. Subsequent to March 3, 2008, NetSuite's

2    counsel received notice from BizFilings that it had resigned with the State of Delaware as

3    registered agent for CIPC Worldwide Holdings Corporation, effective January 14, 2008. *Id.*, ¶

4    15 and Exh. G.

5            On March 20, 2008, NetSuite's counsel filed NetSuite's Certification of

6    Interested Entities ("Certification") and certificate of service with this Court. *See* RJN ¶ 12. *See*

7    *also,* PLK Decl., ¶ 16. NetSuite's counsel served the Certification on Truesdale via email at

8    josh@cipccorp.com. *Id*, ¶ 18. NetSuite's counsel received no error message indicating that its

9    March 20, 2008 email transmission to Truesdale had failed. *Id.* NetSuite's counsel never

10   received a response from Truesdale or Defendant. *Id.*, ¶ 19. On March 21, 2008, NetSuite's

11   counsel filed NetSuite's Separate Case Management Statement ("CMS"), the supporting

12   declaration of Peter C. McMahon ("Declaration"), and a certificate of service. *See* RJN ¶ 13.

13   *See also,* PLK Decl., ¶ 20. NetSuite's counsel served the CMS and Declaration on Truesdale via

14   email at josh@cipccorp.com. *See* PLK Decl., ¶ 22. NetSuite's counsel received no error

15   message indicating that its March 21, 2008 email transmission to Truesdale had failed. *Id.*, ¶ 22.

16   NetSuite never received a response from Truesdale or Defendant. *Id.*, ¶ 23.

17           Defendant has not filed a certification of interested entities, a case management

18   statement, or any FRCP Rule 26 initial disclosures with this Court. *See* RJN, ¶¶ 14-16.

19           On March 28, 2008, this Court held the initial case management conference for

20   this case. *See* RJN ¶ 17 and Exh. G. Mr. McMahon attended, but neither Defendant nor its legal

21   representative appeared for the CMC. *Id.* On April 17, 2008, NetSuite's counsel served a cover

22   letter and Requests for Admissions (RFAs) on Defendant via First-Class Mail (International) at

23   the Defendant's last known physical address and via email to Truesdale at his last known email

24   address. *See* PLK Decl., ¶ 25 and Exh. H. NetSuite's counsel received no error message

25   indicating that its April 17, 2008 email transmission to Truesdale had failed. *Id.*, ¶ 26. The

26   envelope sent to Defendant's last known physical address was returned to NetSuite's counsel,

27   stamped Moved / Unknown. *See* PLK Decl., ¶ 27 and Exh. I. Defendant's objections and/or

28   responses to NetSuite's RFAs were due on May 19, 2008. The deadline for Defendant to

1  respond to NetSuite's discovery requests has passed and Defendant has failed to object to and/or

2  deny any of the propounded RFAs. *See* PLK Decl., ¶¶ 28-29.

3          As a result of Defendant's actions, NetSuite will incur a minimum of $5,737.74 in

4  attorney's fees and costs for its motion. *Id.*, ¶ 30.

5  **III.    LEGAL ARGUMENT**

6
7          A.    **The Court Should Impose Terminating And Monetary Sanctions Against
                 Defendant For Its Failure To Comply With The Federal Rules Of Civil
8                Procedure And This Court's Local Rules and Orders.**

9                1.    **Defendant Has Repeatedly Disobeyed The Federal Rules Of Civil
                       Procedure And This Court's Local Rules And Orders.**
10

11         Pursuant to FRCP Rule 7.1 and Local Rule 3.16, Defendant was required to file a

12 *Certification of Interested Entities or Persons* ("Certification") with its "first appearance,

13 pleading, petition, motion, response, or other request addressed to the Court." *See* FRCP 7.1(a)

14 and (b). Defendant removed this case from state court to federal court on October 12, 2008 and

15 filed its answer to NetSuite's Complaint as well as its Counterclaim on October 17, 2008. To

16 date, however, Defendant has not filed a Certification with this Court. Further, Defendant has

17 failed to file its initial disclosures as required by FRCP Rule 26(a)(1)(C).

18         On November 20, 2007, this Court notified the parties of their obligation to

19 comply with this Court's pretrial Case Management Order ("CMO"). Those obligations

20 included meeting and conferring with opposing counsel, drafting and filing a joint case

21 management statement, and being represented by counsel at any case management conference

22 ("CMC"). McManis Faulkner & Morgan ("Former Counsel") notified Defendant on January 18,

23 2008, that Defendant was required to obtain new counsel to appear before this Court after

24 February 29, 2008 and that the parties' initial CMC has been rescheduled to March 28, 2008.

25 Additionally, on March 3, 2008, NetSuite's counsel reminded Defendant of its obligation to

26 obtain new counsel and to meet and confer. Despite this Court's CMO and reminders from both

27 its Former Counsel and opposing counsel, Defendant failed to meet and confer, to participate in

28

1  drafting a joint case management statement, or to appear for the March 28, 2008 CMC.

2  Defendant's failure to appear on March 28, 2008 is was also a violation of FRCP Rule 16(c).

3  Pursuant to Local Rule 3-9(b) of the United States District Court, Northern

4  District of California, "a corporation […] may appear only through a member of the bar of this

5  Court." Defendant is a Delaware corporation whose counsel's motion to withdraw as counsel

6  was granted by this Court on January 18, 2008, effective February 29, 2008. Accordingly,

7  Defendant was required to secure new counsel. Pursuant to this Court's January 18, 2008 ruling,

8  Defendant's Former Counsel notified Defendant, in writing, that it must secure new counsel in

9  order to appear before this Court after February 29, 2008 and that default judgment could result

10 if Defendant failed to appear. Further, on March 3, 2008, NetSuite's counsel also informed

11 Defendant that it needed to secure new counsel. Defendant has disobeyed this Court's order as

12 well as this Court's Local Rule 3-9 by failing to secure new counsel.

13        2.    **Terminating And Monetary Sanctions Against Defendant Are
               Authorized.**

14

15 FRCP Rules 16 and 37 vest this Court with broad discretion to issue sanctions

16 against a party for failing to comply with this Court's orders and local rules. *See Electronics for*

   *Imaging, Inc.* v. *Photoscript Group Ltd.*, 1999 U.S. Dist. LEXIS 7395 (N.D. Cal. May 10, 1999)

17 at 7 (Fed. R. Civ. P. 16(f); 37(b)(2)(C); see also, *Malone* v. *U.S. Postal Service*, 833 F.2d 128,

18 129-33 (9th Cir. 1987) (affirming dismissal under Rule 16 for failure to comply with pretrial

19 order); *Stars' Desert Inn Hotel & Country Club, Inc.* v. *Hwang*, 105 F.3d 521 (9th Cir. 1997)

20 (affirming default judgment under Rule 37 for failure to comply with court order)).

21 Additionally, this Court's Local Rule 1-4 authorizes the imposition of any authorized sanction

22 for a party's failure to comply with any Local Rule or the FRCP. Further, irrespective of its

23 authority under FRCP Rules 16 and 37 and Local Rule 1-4, this Court has "inherent authority to

24 impose sanctions against parties, including entry of default judgment, for 'litigation misconduct'

25 or 'willful disobedience' of a court order." *Id.* at 8 (citing *Chambers* v. *NASCO, Inc.*, 501 U.S.

26 32, 43-45, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991); *Link* v. *Wabash R.R. Co.*, 370 U.S. 626,

27 630-31, 8 L. Ed. 2d 734, 82 S. Ct. 1386 (1962) (affirming sua sponte dismissal of case for failure

28 of party to appear at pretrial conference)).

1    FRCP Rule 16 authorizes this Court, upon a motion or *sua sponte*, to issue any

2    just orders, including those authorized by FRCP Rule 37(b)(2)(A)(ii)-(vii), if a party or its

3    attorney fails to appear at a scheduling or pretrial conference or fails to obey a scheduling or

4    other pretrial order. *See* FRCP Rule 16(f)(1)(A) and (C). The applicable FRCP Rule

5    37(b)(2)(A) sanctions include, but are not limited to, striking pleadings in whole or part,

6    dismissing the action or proceeding in whole or part, and rendering a default judgment against

7    the disobedient party. *See* FRCP Rule 37(b)(2)(A)(iii), (v), and (vi), respectively. FRCP Rule

8    16(f)(2) authorizes the Court to impose attorney's fees and costs for the reasonable expenses

9    incurred because of any noncompliance with the rule.

10    **3.    Imposing Terminating Sanctions Against This Defendant Is Just.**

11    This Court articulated the factors that it uses to evaluate the equity of imposing

12    terminating sanctions against a party in *Electronics for Imaging, Inc.* v. *Photoscript Group Ltd.*

13    *To wit*:

14        1. The public's interest in expeditious resolution of litigation;
        2. The court's need to manage its dockets;
15        3. The risk of prejudice to the party seeking sanctions;
        4. The public policy favoring the disposition of cases on their merits; and
16        5. The availability of less drastic sanctions.

17    *Id.*, 9. As this Court stated in *Electronics for Imaging*, the first two (2) factors favor the

18    imposition of sanctions. *Id.* Accordingly, NetSuite will only address the remaining three (3)

19    factors, which NetSuite's contends have been satisfied by the facts and circumstances of this

20    case.

21    In *Electronics for Imaging*, this Court held that a party's repeated failure to

22    comply with orders constitutes significant prejudice to the moving party to justify terminating

23    sanctions. *Id.* Defendant has repeatedly failed to comply with the Court's Orders and Local

24    Rules as well as the FRCP, as described in Section III.A.1 above. This Court also held that

25    factor four (4) should be given little or no weight when a party refuses to cooperate in the

26    litigation. *Id.* Defendant's refusal to cooperate in this litigation is demonstrated by its failure to:

27    1) meet and confer; 2) respond to discovery; 3) participate in drafting a joint case management

28    conference statement; 4) appear for the March 28, 2008; and 5) secure new counsel. Finally,

1    This Court, citing *Stars' Desert Inn* at 524, stated, "A district court generally will be deemed to
2    have adequately considered the 'availability of lesser sanctions' if the court 'warned the part of
3    the possibility of default before actually ordering it.'" *Id.* Defendant's Former Counsel notified
4    Defendant that its failure to secure new counsel would prevent Defendant from appearing before
5    this Court and that its failure to appear would eventually result in default judgments against
6    Defendant on NetSuite's Complaint and Defendant's Counterclaim.  For these reasons, it would
7    be just to impose terminating sanctions against Defendant.

8                    **4.    The Court Should Strike Defendant's Answer, Enter Default
                         Judgment Against Defendant On NetSuite's Complaint And
9                         Defendant's Counterclaim, And Award NetSuite Monetary Sanctions.**

10           Defendant has willfully and repeatedly disobeyed the Federal Rules of Civil
11   Procedure as well as this Court's Local Rules and Orders, subjecting Defendant to terminating
12   and monetary sanctions, pursuant to the FRCP and the inherent power of this Court.  It is clear
13   from the facts that imposing terminating sanctions against this Defendant is justified under the
14   circumstances.  Accordingly, NetSuite respectfully requests that this Court impose the following
15   terminating and monetary sanctions against Defendant pursuant to FRCP Rules 16(f)(1) and (2)
16   and 37(b)(2)(A)(iii), (v), and (vi), Local Rule 1-4, or pursuant to this Court's inherent authority
17   to impose terminating and monetary sanctions against Defendant:

18                    1. Strike Defendant's answer to NetSuite's Complaint;
                     2. Enter default judgment against Defendant on NetSuite's Complaint;
19                    3. Dismiss Defendant's Counterclaim or enter default judgment against
                     Defendant on its Counterclaim; and
20                    4. Impose $5,737.74 in monetary sanctions against Defendant.

21           NetSuite contends that sufficient grounds exist to warrant terminating and
22   monetary sanctions against Defendant; however, should this Court find otherwise, NetSuite
23   respectfully requests that the Court grant NetSuite summary judgment against Defendant for
24   NetSuite's Complaint and Defendant's Counterclaim, pursuant to FRCP Rule 56.

25           **B.    NetSuite Is Entitled To Summary Judgment As To Its Complaint And As To
                  Defendant's Counterclaim.**
26
27   ///
28   ///

1                   **1.**    **NetSuite's Motion For Summary Judgment Is Timely.**

2               A claiming party in an action before this Court may file a summary judgment

3 motion after 20 days have passed from the commencement of the action. *See* FRCP Rule 56(a).

4 A defending party may file at any time. *See* FRCP Rule 56(b). This action was commenced in

5 this Court on October 12, 2007, more than 7 months ago. Accordingly, as both a claiming and

6 defendant party, NetSuite's motion for summary judgment is timely.

7                   **2.**    **Defendant's Failure To Object Or Respond To NetSuite's Requests**
                              **Deems The Matters Therein Admitted.**

8

9               Pursuant to FRCP Rule 36 and this Court's March 28, 2008 order, NetSuite

10 served its Requests for Admissions on Defendant on April 17, 2008. Accordingly, Defendant's

11 responses were due on May 19, 2008. NetSuite's counsel received no error indicating that the

12 email transmission was unsuccessful, but as of this date, NetSuite's counsel has received no

13 objections or responses whatsoever from Defendant.

              FRCP Rule 36(a)(3) states, "A matter is admitted unless, within 30 days after

14 being served, the party to whom the request is directed serves on the requesting party a written

15 answer or objection addressed to the matter and signed by the party or its attorney." Since more

16 than 30 days have passed since the service of NetSuite's RFAs, the matters in NetSuite's Request

17 for Admissions are admitted. *See* Schwartzer, Tashima & Wagstaffe, CAL. PROC. GUIDE:

18 FED. CIV. PRO. BEFORE TRIAL (The Rutter Group 2008) ("Rutter Guide"), [11:2070]

19 (Failure to timely respond to RFAs results in ***automatic admission*** of the matters requested

20 (*emphasis added*). [FRCP 36(a)(3); *O'Bryant v. Allstate Ins. Co.* (D CT 1985) 107 FRD 45, 48;

21 *Federal Trade Comm. v. Medicor LLC* (CD CA 2002) 217 F.Supp.2d 1048, 1053 (citing text).])

22 There is no need for a motion to compel, as the rule is self-executing. *Id.* at [11:2071].

23                   **3.**    **Defendant's Default Admissions Can Support A Grant Of Summary**
                              **Judgment.**

24

25               Defendant's RFA admissions are may be used to support NetSuite's motions. *See*

26 Thomson West Federal Civil Rules Handbook 2008 ("FRCP Handbook"), Authors' Commentary

27 on Rule 56, page 977 (*Party Admissions*: Admissions by a party—whether express (intentional

28 acknowledgment) ***or through default*** (e.g., where a party fails to deny Rule 36 requests for

1  admission)—are considered conclusive as to the matters admitted, cannot be contradicted by

2  affidavit or otherwise, and can support a grant of summary judgment.) *See also*, *In re Carney*,

3  258 F.3d 415, 420 (5th Cir. 2001) (Federal Rule of Civil Procedure 56(c) specifies that

4  "admissions on file" can be an appropriate basis for granting summary judgment).

5
        **4.**      **Summary Judgment Is Appropriate As To NetSuite's Complaint**
            **Because There Is No Genuine Issue As To Any Material Fact In The**

6              **Complaint.**

7          **a.**      **Defendant Has Admitted That It Breached The Parties'**
            **Contract Without Justification Or Excuse.**

8

9          Under California Law, the essential elements of claim for a breach of contract

10  are: 1) the existence of a valid contract between the parties; 2) Plaintiff's performance, unless

11  excused; 3) Defendant's unjustified or unexcused failure to perform; and 4) Damages to Plaintiff

12  caused by the breach. *See* California Jury Instructions: Civil [BAJI] (Thomson West – Fall 2006

13  Edition) ("BAJI"), BAJI 10.85.

14          Defendant has admitted that a valid agreement exists between the parties, under

15  which Defendant owes NetSuite $498,266.46 for license fees, support, and Professional Services

16  ("Agreement"). *See* RFA Nos. 1-16 and 34. Defendant has admitted that NetSuite actively

17  performed its duties, to the extent allowed by Defendant, under the terms of the parties'

18  Agreement. *See* RFA Nos. 17-19. Defendant has admitted that NetSuite invoiced Defendant

19  according to the terms of the Agreement and that Defendant refused and has continued to refuse

20  to pay NetSuite the $498,266.46 owed under the Agreement. *See* RFA Nos. 20-27. Defendant

21  has admitted that its failure and refusal to pay is a breach of the parties' Agreement. *See* RFA

22  Nos. 28-29. Defendant has admitted that its failure to perform was not excused and was without

23  justification. *See* RFA Nos. 31-33. Defendant has admitted that NetSuite did not breach the

24  parties' Agreement. *See* RFA No. 30.

25          Based on Defendant's admissions above, there is no genuine issue of material fact

26  as to NetSuite's claim for Breach of Contract against Defendant and summary judgment is

27  appropriate.

28  ///

b.    **Defendant Has Admitted That It Breached The Implied Covenant Of Good Faith And Fair Dealing.**

Defendant has breached the implied covenant of good faith and fair dealing, as a matter of law. Implied in every contract is:

> [A] covenant by each party not to do anything which will deprive the other parties thereto the benefits of the contract...This covenant not only imposes upon each contracting party the duty to refrain from doing anything which would render the performance of the contract impossible by any act of his own, but also the duty to do everything that the contract presupposes that he will do to accomplish its purpose. *See* Witkin Summary of California Law 10th Ed. (Thomson West 2008) ("Witkin"), §798, 692.

Pursuant to FRCP Rule 36(a)(3), Defendant has admitted that it knew when it entered into the Agreement with NetSuite that it was obligated to work with and pay NetSuite in accordance with the terms of the Agreement. *See* RFA Nos. 35-36. Defendant has admitted that it intentionally deprived NetSuite of the benefits of the parties' Agreement. *See* RFA No. 37. Defendant has admitted that it breached the convenant of good faith and fair dealing by its intentional acts, which rendered performance of the Agreement impossible. Defendant has admitted that it breached the covenant of good faith and fair dealing by: 1) misleading NetSuite that it was interested in performing under the Agreement; 2) purposely avoiding NetSuite's good faith efforts to perform above and beyond its obligations under the Agreement; 3) intentionally engaging in efforts to thwart NetSuite performance under the Agreement; 4) falsely accusing NetSuite of breaching the Agreement; 5) sabotaging NetSuite's efforts to "cure" the false breaches alleged against NetSuite; and 6) intentionally engaging in acts to disrupt the business relationship between the parties. *See* RFA Nos. 38-44.

Based on Defendant's admissions above, there is no genuine issue of material fact as to NetSuite's claim against Defendant for Breach of the Implied Covenant of Good Faith and Fair Dealing and summary judgment is appropriate.

c.    **Defendant Has Admitted That NetSuite Is Entitled To Recovery For Work, Labor, And Services (*Quantum Meruit*).**

NetSuite is entitled, as a matter of law, to recovery from Defendant for *Quantum Meruit*. BAJI 10.71 states:

1    When one person renders services to another at the latter's request or
     from which the latter derives benefit, the law imposes an obligation to
2    pay for the reasonable value of the services if both parties had the
     expectation that during the time the services performed that compensation
3    should be made. *See* BAJI 10.71.

4        Defendant has admitted that NetSuite rendered work, labor, and services to

5    Defendant at Defendant's special request. *See* RFA Nos. 45-47. Defendant has admitted that it

6    knew NetSuite was rendering said work, labor, and services at Defendant's special request. *See*

7    RFA No. 48-50. Defendant has admitted that it knew that the work, labor, and services rendered

8    by NetSuite was not intended to be gratuitous and that it promised to pay for the reasonable

9    value of said work, labor, and services at the time that they were requested by Defendant. *See*

10   RFA Nos. 51-56. Defendant has admitted that it accepted, used, and enjoyed, but refused pay for

11   the work, labor, and services rendered by NetSuite. *See* RFA Nos. 57-68.

12       Based on Defendant's admissions above, there is no genuine issue of material fact

13   as to NetSuite's claim against Defendant for *Quantum Meruit* and summary judgment is

14   appropriate.

15       5.    **Summary Judgment Is Appropriate As To Defendant's Counterclaim.**

16          a.    **Defendant Cannot Establish Its First Cause Of Action For
                  Fraud And Rescission.**

17       Defendant's First Cause of Action for Fraud and Rescission must fail because

18   NetSuite hereby submits admissions by Defendant that affirmatively disprove essential elements

19   of Defendant's cause of action. (A moving party may support its summary judgment motion by

20   submitting affirmative evidence that disproves an essential element of the opposing party's

21   claim. [See *Adickes v. S.H. Kress & Co.* (1970) 398 US 144, 158-160, 90 S. Ct. 1598, 1608-

22   1609].) *See* Rutter Guide, [14:109]. Further, NetSuite can show that NetSuite lacks sufficient

23   evidence prove essential elements of its cause of action. (The moving party may carry its initial

24   burden on summary judgment by "showing" the opposing party lacks sufficient evidence to carry

25   its ultimate burden of persuasion at trial). *See* Rutter Guide, [14:130].

26       In order to support its claim for Fraud (Intentional Misrepresentation), Defendant

27   must show that: 1) NetSuite made a representation as to a material fact to Defendant; 2) the

28   representation was false; 3) NetSuite must have known that the representation was false when

1 | made or must have made the representation recklessly without knowing whether its was true or

2 | false; 4) NetSuite made the representation with an intent to defraud Defendant; 5) Defendant was

3 | unaware of the falsity of the representation, acted in reliance upon the truth of the representation,

4 | and was justified in its reliance on the representation; and 6) Defendant sustained damage

5 | because of its reliance upon the truth of the representation. *See* BAJI 12.31.

6 |       Defendant cannot meet its burden because Defendant has admitted that NetSuite

7 | made no false representations of material facts to Defendant. *See* RFA No. 69. Defendant has

8 | admitted that it has no evidence, whatsoever, that NetSuite intentionally or negligently made any

9 | misrepresentations of material facts to Defendant. *See* RFA Nos. 71-72. Defendant has no

10 | evidence, whatsoever, that NetSuite intended to defraud Defendant. *See* RFA No. 73.

11 | Defendant has admitted that NetSuite did not defraud Defendant. *See* RFA No. 74.

12 | Additionally, Defendant has admitted that it incurred no damages whatsoever because of any of

13 | NetSuite's representations. *See* RFA No. 75. Finally, Defendant has admitted that it is not

14 | entitled to the remedy of rescission of the contract alleged in Defendant's Counterclaim. *See*

15 | RFA No. 76.

16 |         **b.**    <u>**Defendant Cannot Establish Its Second Cause Of Action For**</u>
<u>**Promise Made Without Intent To Perform And Rescission.**</u>

17 |

18 |       In order to prove a claim for Fraud (Promise Without Intent To Perform),

19 | Defendant must show that: 1) NetSuite made a promise as to a material matter and at the time it

20 | was made NetSuite did not intend to perform it; 2) NetSuite made the promise with an intent to

21 | defraud Defendant; 5) Defendant was unaware of NetSuite's intention not to perform the

22 | promise, acted in reliance upon the promise, and was justified in relying upon the promise; and

23 | 6) Defendant sustained damage because of its reliance upon the promise. *See* BAJI 12.40.

24 |       Defendant's Second Cause of Action for Promise Made Without Intent To

25 | Perform & Rescission must fail because Defendant has admitted that it has no evidence,

26 | whatsoever, that NetSuite did not intend to perform any promises regarding any material matters

27 | made to Defendant. *See* RFA No. 70. Defendant has no evidence, whatsoever, that NetSuite

28 | intended to defraud Defendant. *See* RFA No. 73. Defendant has admitted that NetSuite did not

defraud Defendant. *See* RFA No. 74. Defendant has admitted that NetSuite fulfilled all of its promises to Defendant, to the extent allowed by Defendant. *See* RFA No. 78. Additionally, Defendant has admitted that it incurred no damages whatsoever because of any of NetSuite's conduct. *See* RFA No. 84. Finally, Defendant has admitted that it is not entitled to the remedy of rescission of the contract alleged in Defendant's Counterclaim. *See* RFA No. 76.

**c.    Defendant Cannot Establish Its Third Cause Of Action For Negligent Misrepresentation And Rescission.**

To prevail on its Third Cause of Action for Negligent Misrepresentation, Defendant must prove that: 1) NetSuite made a representation as to a material fact; 2) the representation was untrue; 3) Regardless of its actual belief, NetSuite made the representation without any reasonable ground for believing it to be true; 4) NetSuite made the representation with an intent to induce Defendant to rely upon it; 5) Defendant was unaware of the falsity of the representation, acted in reliance upon the truth of the representation, and was justified in its reliance on the representation; and 6) Defendant sustained damage because it its reliance upon the truth of the representation. *See* BAJI 12.45.

Defendant cannot prevail because it has admitted that NetSuite made no false representations of material facts to Defendant and that NetSuite did not defraud Defendant. *See* RFA Nos. 69 and 74. Defendant has admitted that it has no evidence, whatsoever, that NetSuite intentionally or negligently made any misrepresentations of material facts to Defendant. *See* RFA Nos. 71-72. Additionally, Defendant has admitted that it incurred no damages whatsoever because of any of NetSuite's representations. *See* RFA No. 75. Finally, Defendant has admitted that it is not entitled to the remedy of rescission of the contract alleged in Defendant's Counterclaim. *See* RFA No. 76.

**d.    Defendant Cannot Establish Its Fourth Cause Of Action For Mistake And Rescission.**

Defendant's Fourth Cause of Action for Mistake and Rescission must fail because Defendant has admitted that a valid agreement exists between the parties, under which Defendant owes NetSuite $498,266.46 for license fees, support, and Professional Services. *See* RFA Nos.

1-16 and 34. Defendant has admitted that NetSuite fulfilled all of its promises to Defendant, to

the extent allowed by Defendant. *See* RFA No. 78. Defendant has also admitted that it incurred

no damages whatsoever because of any of NetSuite's representations or conduct. *See* RFA No.

75 and 84. Further, Defendant has admitted that it is not entitled to the remedy of rescission of

the contract alleged in Defendant's Counterclaim. *See* RFA No. 76.

> e.    **Defendant Cannot Establish Its Fifth Cause Of Action For Breach Of Contract.**

Defendant's Fifth Cause of Action for Breach of Contract, which alleges that

NetSuite breach the parties contract by failing to provide contracted for customer support, must

fail as Defendant's admissions disprove several essential elements of Defendant's cause of

action. To prevail, Defendant must prove 1) the existence of a valid contract between the parties;

2) Defendant's performance, unless excused; 3) NetSuite's unjustified or unexcused failure to

perform; and 4) that Defendant suffered damages as a result of NetSuite's breach. BAJI 10.85.

Defendant cannot meet its burden. Defendant has admitted that NetSuite did not

breach the contract alleged in Defendant's Counterclaim. *See* RFA No. 77. Defendant also

admitted that NetSuite fulfilled all of its promises to Defendant, to the extent allowed by

Defendant. *See* RFA No. 78. Defendant has admitted that NetSuite provided the level of

customer support described in the contract alleged in Defendant's Counterclaim. *See* RFA No.

79. Most importantly, Defendant has admitted that it incurred no damages whatsoever because

of any of NetSuite's conduct. *See* RFA No. 84.

> f.    **Defendant Cannot Establish Its Sixth Cause Of Action For Breach Of The Covenant Of Good Faith And Fair Dealing**.

Defendant cannot sustain its Sixth Cause of Action for Breach of the Implied

Covenant of Good Faith and Fair Dealing against NetSuite. A stated above, implied in every

contract is:

> [A] covenant by each party not to do anything which will deprive the
> other parties thereto the benefits of the contract…This covenant not only
> imposes upon each contracting party the duty to refrain from doing
> anything which would render the performance of the contract impossible
> by any act of his own, but also the duty to do everything that the contract
> presupposes that he will do to accomplish its purpose. *See* Witkin §798,
> 692.

1   Defendant has admitted that NetSuite did nothing to deprive Defendant of the benefits of the

2   contract alleged in Defendant's Counterclaim. *See* RFA No. 80. Defendant has admitted that

3   NetSuite did nothing to render performance under the contract alleged in Defendant's

4   Counterclaim impossible. *See* RFA No. 81. Defendant has admitted that NetSuite did

5   everything presupposed by the contract alleged in Defendant's Counterclaim to accomplish the

6   purpose of the contract. *See* RFA No. 82. Defendant has admitted that NetSuite did nothing to

7   interfere with Defendant's performance of the contract. *See* RFA No. 83. Finally, Defendant

8   has admitted that it incurred no damages, whatsoever, as a result of any of NetSuite's conduct.

9   *See* RFA No. 84.

10  **IV.    CONCLUSION**

11          For the reasons stated in Section III.A. above, NetSuite requests that this Court:

12  1) strike Defendant's answer to NetSuite's Complaint; 2) strike or dismiss Defendant's

13  Counterclaim; 3) render default judgment against Defendant; and 3) impose monetary sanctions

14  in the amount of $5,737.74 against Defendants for the reasonable fees and costs incurred by

15  NetSuite for its Motion, pursuant to FRCP Rules 16 and 37 and this Court's Local Rule 1-4.

16  Should this Court find insufficient grounds to warrant terminating and monetary sanctions

17  against Defendant, NetSuite respectfully requests that the Court grant summary judgment in

18  favor of NetSuite as to it Complaint as well as to Defendant's Counterclaim for the reasons

19  stated in Section III.B, pursuant to FRCP Rule 56.

20

21  DATED: June 13, 2008                          McMAHON SEREPCA LLP

22

23

24                                               _____
                                                 Pamela L. Kelly, Esq.
25                                               Attorneys for Plaintiff
                                                 NETSUITE, INC.
26

27

28