1  PETER C. McMAHON (State Bar No. 161841)
   PAMELA L. KELLY (State Bar No. 230721)
2  McMAHON SEREPCA LLP
   985 Industrial Road, Suite 201
3  San Carlos, CA  94070-4157
   Tel:  650-637-0600
4  Fax:  650-637-0700

5  Attorneys for Plaintiff
   NETSUITE, INC.

6

7                       UNITED STATES DISTRICT COURT

8                     NORTHERN DISTRICT OF CALIFORNIA

9                          SAN FRANCISCO DIVISION

10

11  NETSUITE, INC., a California corporation,  )   CASE NO: **3:07-cv-05235-SI**
                                               )
12         Plaintiff,                          )
                                               )
13     vs.                                     )   **DECLARATION OF PAMELA L.**
                                               )   **KELLY IN SUPPORT OF**
14                                             )   **NETSUITE, INC.'S MOTION FOR**
    CIPC WORLDWIDE HOLDINGS                    )   **TERMINATING AND MONETARY**
15  CORPORATION, a Delaware corporation,       )   **SANCTIONS AGAINST CIPC**
    and DOES One through Ten, inclusive,       )   **WORLDWIDE HOLDINGS**
16                                             )   **CORPORATION OR IN THE**
17         Defendants.                         )   **ALTERNATIVE FOR SUMMARY**
                                               )   **JUDGMENT**
18  _____        )
                                               )
19  CIPC WORLDWIDE HOLDINGS                     )
    CORPORATION                                )
20                                             )   **Hearing**
                                               )   **Date:**       July 18, 2008
21         Counter-claimant,                   )   **Time:**       9:00 a.m.
                                               )   **Courtroom:**  10, 19th Floor
22     vs.                                     )   **Judge:**      Honorable Susan Illston
                                               )
23  NETSUITE, INC.                             )
                                               )
24                                             )
           Counter-defendant.                  )
25  _____        )

26

27

28

1    I, Pamela L. Kelly, declare as follows:

2    1.    I am an attorney at law duly admitted to practice before all courts of the

3    State of California. I am an associate with McMahon Serepca LLP, which represents plaintiff

4    NetSuite, Inc. ("NetSuite") in the above-captioned action. I make this declaration in support of

5    *Declaration Of Pamela L. Kelly In Support Of NetSuite, Inc.'s Motion For Terminating And*

6    *Monetary Sanctions Against CIPC Worldwide Holdings Corporation Or In The Alternative For*

7    *Summary Judgment* ("Motion"), filed concurrently herewith. I have personal knowledge of each

8    fact set forth herein, and, if called upon to testify thereto, I am competent to do so and would do

9    so.

10    2.    On August 29, 2007, after it was unable to resolve its disputes with

11    Defendant informally, NetSuite filed a complaint against defendant CIPC Worldwide Holdings

12    Corporation ("Defendant" or "CIPC") for: 1) Breach of Contract; 2) Breach of the Implied

13    Covenant of Good Faith and Fair Dealing; and 3) Work, Labor, and Services (*Quantum Meruit*)

14    ("Complaint") with the Superior Court of California, County of San Mateo (Case No.

15    CIV465719). Attached hereto as **Exhibit A** is a true and correct copy of the Summons and

16    NetSuite's Complaint.

17    3.    Defendant was personally served with the Summons and Complaint on

18    September 12, 2007 through its Registered Agent, Business Filings Incorporated ("BizFilings"),

19    in Wilmington, Delaware. Attached hereto as **Exhibit B** is a true and correct copy of the Proof

20    of Service of Simmons.

21    4.    On February 20, 2008, counsel for NetSuite wrote Defendant's previous

22    counsel, Jerry L. Freedman ("Mr. Freedman") to ascertain whether he had taken over

23    representation of Defendant from McManis Faulkner & Morgan ("February Letter"). Attached

24    hereto as **Exhibit C** is a true and correct copy of the February Letter.

25    5.    Mr. Freedman has not contacted our office since February 20, 2008.

26    6.    On March 3, 2008, after Internet research to locate a possible counsel for

27    Defendant, counsel for NetSuite contacted Shafik Bhalloo ("Mr. Bhalloo") of Kronfeld Mackoff

28    Silber LLP in Vancouver, British Columbia because he and his law firm were mentioned in a

DECLARATION OF PAMELA L. KELLY ISO MOTION FOR TERMINATING SANCTIONS

1   news article about Defendant. Attached hereto as **Exhibit D** is a true and correct copy of the
2   letter.

3          7.   Mr. Bhalloo responded to NetSuite by facsimile on March 5, 2008,
4   indicating that he did not act for CIPC, but that he had forwarded the March 3, 2008 letter to
5   CIPC, and asked that CIPC contact NetSuite's counsel directly. Attached hereto as **Exhibit E** is
6   a true and correct copy of the facsimile.

7          8.   This office never received a response from anyone at CIPC.

8          9.   In my position as an associate at McMahon Serepca, I use a laptop computer
9   daily that has email access. I rely heavily on my computer to complete my daily tasks.

10         10.   On March 3, 2008, I turned on my computer and logged onto our firm's
11   Local Area Network ("Network"). My computer was in good working order.

12         11.   Our firm uses Microsoft Outlook ("Outlook") as our email program. I rely
13   heavily on Outlook on a daily basis and am very familiar with its use. On March 3, 2008, I
14   launched Outlook to access my email. Outlook was in good working order.

15         12.   Also On March 3, 2008, counsel for NetSuite sent a letter to Joshua
16   Truesdale ("Truesdale"), Defendant's Chief Technology Officer, via mail (at BizFiling's
17   address) ("March Letter") informing Truesdale of Defendant's need to secure new counsel and
18   of the need for the parties to meet and confer prior to March 21, 2008 in order to prepare and file
19   a Joint Case Management Statement with this Court. Attached hereto as **Exhibit F** is a true and
20   correct copy of the March Letter and email transmission to Truesdale.

21         13.   I also sent a PDF copy of the March Letter as an email attachment to
22   Truesdale (at josh@cicpcorp.com). After a reasonable time, I received no error message
23   indicating that the March 3, 2008 email transmission to Truesdale had failed.

24         14.   This office never received a response from Truesdale or Defendant.

25         15.   Subsequent to March 3, 2008, NetSuite's counsel received notice from
26   BizFilings that it had resigned with the State of Delaware as registered agent for CIPC
27   Worldwide Holdings Corporation, effective January 14, 2008. Attached hereto as **Exhibit G** is a
28   true and correct copy of the notice from BizFilings.

1    16.    On March 20, 2008, NetSuite's counsel filed NetSuite's Certification of

2  Interested Entities ("Certification") and certificate of service with this Court.

3    17.    On March 20, 2008, I turned on my computer, logged onto our firm's

4  Network, and launched Outlook to access my email. Both my computer and Outlook were in

5  good working order.

6    18.    I sent a PDF copy of the Certification as an email attachment to Truesdale

7  (at josh@cicpcorp.com). After a reasonable time, I received no error message indicating that the

8  March 20, 2008 email transmission to Truesdale had failed.

9    19.    This office never received a response from Truesdale or Defendant.

10    20.    On March 21, 2008, NetSuite's counsel filed NetSuite's Separate Case

11  Management Statement ("CMS"), a supporting declaration of Peter C. McMahon of McMahon

12  Serepca LLP ("Mr. McMahon") ("Declaration"), and a certificate of service.

13    21.    On March 21, 2008, I turned on my computer, logged onto our firm's

14  Network, and launched Outlook to access my email. Both my computer and Outlook were in

15  good working order.

16    22.    I sent a PDF copy of the CMS and Declaration as an email attachment to

17  Truesdale (at josh@cicpcorp.com). After a reasonable time, I received no error message

18  indicating that the March 21, 2008 email transmission to Truesdale had failed.

19    23.    This office never received a response from Truesdale or Defendant.

20    24.    On March 21, 2008, I turned on my computer, logged onto our firm's

21  Network, and launched Outlook to access my email. Both my computer and Outlook were in

22  good working order.

23    25.    On April 17, 2008, NetSuite's counsel served a cover letter ("RFA Letter"),

24  Requests for Admissions ("RFAs"), and declaration of service on Defendant via First-Class Mail

25  (International) at the Defendant's last known physical address and via email to Truesdale at his

26  last known email address. Attached hereto as **Exhibit H** is a true and correct copy of the RFA

27  Letter, RFAs, and declaration of service sent to Truesdale as well as well as a true and correct

28  copy of the executed declaration of service.

1         26.   After a reasonable time, I received no error message indicating that the April
2    17, 2008 email transmission to Truesdale had failed.

3         27.   The envelope containing the Letter, RFAs, and declaration of service sent to
4    Defendant's last known physical address was returned to NetSuite's counsel, stamped Moved /
5    Unknown. Attached hereto as **Exhibit I** is a true and copy of the returned envelope.

6         28.   Defendant's objections and/or responses to NetSuite's RFAs were due on
7    May 19, 2008.

8         29.   As of this date, our office has not received Defendant's responses to
9    NetSuite's Requests for Admissions.

10        30.   I spent "28.5" hours preparing the papers for this Motion. My billing rate is
11   $200.00 per hour. Accordingly, my client will be compelled to spend a minimum of $5,700.00
12   for this Motion. Further, NetSuite has incurred $37.74 in costs for Lexis-Nexis research and
13   Pacer fees.

14        I declare under penalty of perjury under that the foregoing is true and correct.
15   Executed on June 12, 2008, at San Carlos, California.

16

17                          Pamela D. Kelly, Esq.

18

19

20

21

22

23

24

25

26

27

28