**EXHIBIT C**

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

NETSUITE INC.,

        Plaintiff,

v.

CIPC WORLDWIDE HOLDINGS CORPORATION,

        Defendant.

No. C 07-05235SI

**NOTICE**

To All Parties:

YOU ARE HEREBY NOTIFIED THAT the motion to withdraw will be scheduled for oral argument on Friday, January 18, 2007, at 9:00 a.m. and the initial case management has been scheduled to occur on Friday, February 8, 2008, at 2:00 p.m. Counsel shall comply with the attached order when preparing for the conference.

Dated: November 20, 2007

*Sutton*

RICHARD W. WIEKING, Clerk

Tracy Sutton
Deputy Clerk

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| Plaintiff(s),<br><br>vs.<br><br>Defendant(s). | NO. C-           SI<br><br>**CASE MANAGEMENT<br>CONFERENCE ORDER** |

    IT IS HEREBY ORDERED that, pursuant to Rule 16(b), Federal Rules of Civil Procedure, and Civil L.R. 16-10, a Case Management Conference will be held in this case before the Honorable Susan Illston on _____ at 2:00 p.m. in Courtroom No. 10, 19th floor Federal Building.

    Plaintiff(s) shall serve copies of this Order at once on all parties to this action, and on any parties subsequently joined, in accordance with the provisions of Fed.R.Civ.P. 4 and 5. Following service, plaintiff(s) shall file certificate of service with the Clerk of this Court.

    Counsel are directed to confer in advance of the Case Management Conference with respect to all of the agenda items listed below. Not less than seven days before the conference, counsel shall file a joint case management statement addressing each agenda item. Failure to file a joint statement shall be accompanied by a signed declaration setting forth the grounds for such failure. Failure to show good cause for such failure may subject the parties to sanctions.

    Each party shall be represented at the Case Management Conference by counsel prepared to address all of the matters referred to in this Order, and with authority to enter stipulations and make admissions pursuant to this Order. The parties are encouraged to attend.

    Any request to reschedule the above dates should be made in writing, and by stipulation, if possible, not less than ten days before the conference date. Good cause must be shown.

The parties shall file a joint case management conference statement in accordance with the Standing Order for all Judges in the Northern District of California. At the case management conference the parties should be prepared to address and resolve the following: setting the date and the estimated length of the trial; setting the date for discovery cutoff; setting the date to designate experts and other witnesses; and setting the date for the pretrial conference.

CIVIL LAW AND MOTION MATTERS WILL BE HEARD ON FRIDAYS AT 9:00 A.M. COUNSEL SHALL COMPLY WITH CIVIL L.R. 7 WITH RESPECT TO MOTION PROCEDURES.

Discovery disputes: Counsel seeking the Court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and the relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged. For good cause shown, based on legal or factual complexity, discovery disputes may be brought by formal noticed motion heard on a regular law and motion calendar. However, leave of Court to do so must be sought and obtained by ex-parte application in accordance with Civil L.R. 7-1(a)(3).

Failure to comply with this Order or the Local Rules of this Court may result in sanctions. See Fed.R.Civ.P. 16(f), Civil L.R. 1-4.

Standing Orders: All parties shall comply with the Standing Order for All Judges of the Northern District of California concerning the contents of the joint case management conference statement and JudgeIllston's Standing Order which are attached to this case management conference order.

IT IS SO ORDERED.

_____
SUSAN ILLSTON
United States District Judge

2

# STANDING ORDER FOR ALL JUDGES OF THE NORTHERN DISTRICT OF CALIFORNIA

# CONTENTS OF JOINT CASE MANAGEMENT STATEMENT

Commencing March 1, 2007, all judges of the Northern District of California will require the identical information in Joint Case Management Statements filed pursuant to Civil Local Rule 16-9. The parties must include the following information in their statement which, except in unusually complex cases, should not exceed ten pages:

1.     Jurisdiction and Service: The basis for the court's subject matter jurisdiction over plaintiff's claims and defendant's counterclaims, whether any issues exist regarding personal jurisdiction or venue, whether any parties remain to be served, and, if any parties remain to be served, a proposed deadline for service.

2.     Facts: A brief chronology of the facts and a statement of the principal factual issues in dispute.

3.     Legal Issues: A brief statement, without extended legal argument, of the disputed points of law, including reference to specific statutes and decisions.

4.     Motions: All prior and pending motions, their current status, and any anticipated motions.

5.     Amendment of Pleadings: The extent to which parties, claims, or defenses are expected to be added or dismissed and a proposed deadline for amending the pleadings.

6.     Evidence Preservation: Steps taken to preserve evidence relevant to the issues reasonably evident in this action, including interdiction of any document-destruction program and any ongoing erasures of e-mails, voice mails, and other electronically-recorded material.

7.     Disclosures: Whether there has been full and timely compliance with the initial disclosure requirements of Fed. R. Civ. P. 26 and a description of the disclosures made.

8.     Discovery: Discovery taken to date, if any, the scope of anticipated discovery, any proposed limitations or modifications of the discovery rules, and a proposed discovery plan pursuant to Fed. R. Civ. P. 26(f).

9.     Class Actions: If a class action, a proposal for how and when the class will be certified.

10.     Related Cases: Any related cases or proceedings pending before another judge of this court, or before another court or administrative body.

11.     Relief: All relief sought through complaint or counterclaim, including the amount of any damages sought and a description of the bases on which damages are calculated. In addition, any party from whom damages are sought must describe the bases on which it contends damages should be calculated if liability is established.

12.    <u>Settlement and ADR</u>: Prospects for settlement, ADR efforts to date, and a specific ADR plan for the case, including compliance with ADR L.R. 3-5 and a description of key discovery or motions necessary to position the parties to negotiate a resolution.

13.    <u>Consent to Magistrate Judge For All Purposes</u>: Whether all parties will consent to have a magistrate judge conduct all further proceedings including trial and entry of judgment.

14.    <u>Other References</u>: Whether the case is suitable for reference to binding arbitration, a special master, or the Judicial Panel on Multidistrict Litigation.

15.    <u>Narrowing of Issues</u>: Issues that can be narrowed by agreement or by motion, suggestions to expedite the presentation of evidence at trial (e.g., through summaries or stipulated facts), and any request to bifurcate issues, claims, or defenses.

16.    <u>Expedited Schedule</u>: Whether this is the type of case that can be handled on an expedited basis with streamlined procedures.

17.    <u>Scheduling</u>: Proposed dates for designation of experts, discovery cutoff, hearing of dispositive motions, pretrial conference and trial.

18.    <u>Trial</u>: Whether the case will be tried to a jury or to the court and the expected length of the trial.

19.    <u>Disclosure of Non-party Interested Entities or Persons</u>: Whether each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. **In addition**, each party must restate in the case management statement the contents of its certification by identifying any persons, firms, partnerships, corporations (including parent corporations) or other entities known by the party to have either: (i) a financial interest in the subject matter in controversy or in a party to the proceeding; or (ii) any other kind of interest that could be substantially affected by the outcome of the proceeding.

20.    Such other matters as may facilitate the just, speedy and inexpensive disposition of this matter.

(4/5/07)

# JUDGE ILLSTON'S STANDING ORDER

1. <u>Scheduling Days</u>:

Civil Law and Motion Calendar is conducted on Fridays at 9:00 a.m.

Criminal Law and Motion Calendar is conducted on Fridays at 11:00 a.m.

Civil Case Management Conferences are generally conducted on Fridays at 2:00 p.m. with the order of call determined by the Court.

Pretrial Conferences are generally conducted on Tuesday afternoons at 3:30 p.m.

Counsel need not reserve motion hearing dates, but may call the clerk to obtain the next available law and motion calendar. Motions may be reset as the Court's calendar requires.

All parties are directed to comply with the Civil Local Rules except as identified in this order.

2. <u>Discovery Disputes</u>:

Counsel seeking the court's intervention in a discovery dispute shall, after full compliance with Civil L.R. 37-1, file and serve a letter brief, 5 pages or less, explaining the dispute and relief sought. Opposing counsel shall respond by letter brief, 5 pages or less, within one week. The Court will deem the matter submitted unless the Court determines that the issue requires oral argument, in which case a conference will be arranged.

3. <u>Sealed Documents (Civil L.R. 79-5)</u>:

This Court does not require the filing of Administrative Motions to seal (Civil L.R. 7-11). The Court will accept stipulations (Civ. L.R. 7-12) or an ex-parte application (Civ. L.R. 7-10) with proposed orders in lieu of the administrative motion. In the event an agreement and stipulation for leave to file under seal is not possible, an ex-parte application shall be filed instead. Oppositions to ex-parte applications and proposed order must be submitted to the Court immediately.

Counsel must submit the documents intended to be filed under seal in the following manner:

    1. The entire original document, contained in an 8 1/2 - inch by 11-inch sealed envelope or other suitable sealed container, with a cover sheet affixed to the envelope or container, setting out the information required by Civil L.R. 3-4(a) and (b) and prominently displaying the notation: "DOCUMENT SUBMITTED UNDER SEAL." The sealable portions of the document must be identified by notations or highlighting within the text;

    2. A second copy (chambers copy) completely assembled, including both sealed and unsealed material must be submitted in a single envelope.

Chambers must not be served with any "redacted/public" versions of sealed documents.

5

4. Courtesy Copies:

All courtesy copies must be three-hole punched at the left margin.

5. Summary Judgment Motions:

Parties are limited to filing one motion for summary judgment. Any party wishing to exceed this limit must request leave of Court.

**EXHIBIT D**

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

### CIVIL PRETRIAL MINUTES

Date: 1/18/08

Case No.   C-07-5235 SI            Judge:  SUSAN ILLSTON

Title: NETSUITE INC., -v- CIPC WORLDWIDE HOLDINGS

Attorneys: S. Kirsch          n/a

Deputy Clerk: Tracy Sutton   Court Reporter: B. Ball

### PROCEEDINGS

1) Motion to Withdraw - HELD

2) _____

3) _____

Order to be prepared by: ( )Pltf  ( )Deft  ( X )Court

Disposition : ( X ) GRANTED, ( ) DENIED, ( ) GRANTED/DENIED IN   ( ) SUBMITTED
                                                          PART

Case continued to   @ 2:30 p.m.  for Further Case Management Conference

Case continued to   @ 9:00 a.m.   for Motions
(Motion due , Opposition  Reply )

Case continued to   @ 3:30 p.m.  for Pretrial Conference

Case continued to   @ 8:30 a.m.  for Trial (:  Days)
Discovery Cutoff:  Designate Experts by: , Rebuttal Experts:, Expert Discovery Cutoff:

ORDERED AFTER HEARING:

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSUITE, INC., <br><br> Plaintiff, <br><br> v. <br><br> CIPC WORLDWIDE HOLDINGS CORPORATION, a corporation, and DOES One through Ten inclusive, <br><br> Defendants. | No. C 07-5235 SI <br><br> **ORDER GRANTING MOTION TO WITHDRAW AS COUNSEL** |

On January 18, 2008, the Court held a hearing on the motion to withdraw filed by McManus, Faulkner & Morgan, attorneys for defendant CIPC Worldwide Holdings Corporation. As stated at the hearing, the Court GRANTS the motion effective February 29, 2008. (Docket No. 6). Counsel shall inform CIPC in writing of the following: (1) the Court has granted the motion to withdraw effective February 29, 2008; (2) the necessity for defendant to secure new representation, and the consequences of the failure to do so; and (3) the next case management conference is scheduled for March 28, 2008 at 2:00 p.m. Counsel shall copy plaintiff's counsel and the Court on the letter, and shall file a copy of the letter with the Court.

**IT IS SO ORDERED.**

Dated: January 22, 2008

SUSAN ILLSTON
United States District Judge

**EXHIBIT E**



January 18, 2008

VIA FEDERAL EXPRESS AND ELECTRONIC MAIL

Joshua Truesdale
Chief Technology Officer
CIPC Worldwide Holdings Corporation
108 West 13th Street
Wilmington, DE 19801

    Re:    NetSuite, Inc. v. CIPC Worldwide Holdings Corporation

Dear Mr. Truesdale:

Please be advised that this morning, I appeared before The Honorable Susan Illston regarding McManis Faulkner & Morgan's motion to withdraw as counsel of record for CIPC Worldwide Holdings Corporation ("CIPC") in the referenced matter. Judge Illston has conditionally granted our motion effective February 29, 2008, provided that I send you this letter, copied to her and to opposing counsel and file it with the Court. Judge Illston delayed the effective date of the order granting our motion to withdraw to give CIPC ample time to find substitute representation so that CIPC will not be prejudiced in this case.

Judge Illston wanted me to inform you that business entities must appear in Court through an attorney. Persons who are not licensed to practice law and who are not admitted to practice in the court in which a matter is pending may not represent a corporation. Northern District California Rule of Court 3-9(b) provides that "A corporation, unincorporated association, partnership or other such entity may appear only through a member of the bar of this Court;" see also *United States v. High Country Broadcasting Co., Inc.* (9th Cir. 1993) 3 F.3d 1244, 1245.

Thus, upon the effective date of the Court's order granting McManis Faulkner & Morgan's motion to withdraw as counsel of record for CIPC, CIPC will not be able to make any appearances in court, including filing any documents or attending any hearings. The outcome of not being able to make an appearance is that eventually default judgments will be taken against CIPC on NetSuite, Inc.'s complaint and on CIPC's cross-claim. When you originally called our office, you told us that CIPC's "normal" lawyers are Gibson Dunn & Crutcher LLP but that it had a conflict. I encourage you to contact them for further information about this issue, or for referrals to other attorneys.

A PROFESSIONAL CORPORATION    FAIRMONT PLAZA - 10TH FLOOR    TELEPHONE 408.279.8700
50 WEST SAN FERNANDO STREET    FACSIMILE 408.279.3244
SAN JOSE, CALIFORNIA 95113    www.mfmlaw.com

Joshua Truesdale
January 18, 2008
Page 2

The Case Management Conference that was scheduled for February 5, 2008 has been continued to March 28, 2008. There are certain court-ordered requirements that parties must undertake in preparation for a Case Management Conference, as well as other court mandated obligations generally. Judge Illston has relieved McManis Faulkner & Morgan from having to comply with those requirements pending the effective date of her order granting our withdrawal. Until then, McManis Faulkner & Morgan will continue to receive all court filings on CIPC's behalf and we will continue to forward them to you.

Since we filed our motion to withdraw, attorney Jerry Freedman contacted our office. Since that initial call from him, we have not heard from him again. I believe that his telephone number is (818) 784-9742. Of course, once CIPC finds substitute counsel, my office will work with him or her to transition the case.

Very truly yours,

McMANIS FAULKNER & MORGAN

*Sharon Kirsch*

SHARON KIRSCH

SK/ha

cc:     Honorable Susan Illston
        Peter C. McMahon
        Gretta Vermeulen, Operations Manager, CIPC

| | |
|---|---|
| 1 | WILLIAM FAULKNER (83385) |
| | SHARON KIRSCH (157157) |
| 2 | GEOFFREY BENTZEL (250073) |
| | McMANIS FAULKNER & MORGAN |
| 3 | A Professional Corporation |
| | 50 West San Fernando Street, 10th Floor |
| 4 | San Jose, California 95113 |
| | Telephone:   408-279-8700 |
| 5 | Facsimile:   408-279-3244 |
| | Email:   wfaulkner@mfmlaw.com |
| 6 |   skirsch@mfmlaw.com |
| |   gbentzel@mfmlaw.com |
| 7 | |
| | Attorneys for Defendant, |
| 8 | CIPC WORLDWIDE HOLDINGS |
| | CORPORATION |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| NETSUITE, INC., a California corporation, | |
| Plaintiff, | No. 3:07-cv-05235-JL |
| vs. | |
| CIPC WORLDWIDE HOLDINGS CORPORATION, a corporation, and DOES One through Ten inclusive. | **PROOF OF SERVICE** |
| Defendants. | |

1

PROOF OF SERVICE, Case No. 3:07-CV-05235-JL

# PROOF OF SERVICE

I am a citizen of the United States. My business address is 50 West San Fernando Street, 10th Floor, San Jose, California, 95113. I am employed in the County of Santa Clara, where this mailing occurs. I am over the age of 18 years, and not a party to the within action. On the date shown below, following ordinary business practices, I served the foregoing document(s) described as:

1. **LETTER DATED JANUARY 18, 2008 TO JOSHUA TRUESDALE FROM SHARON KIRSCH**

on the following person(s) in this action by placing a true copy thereof in a sealed envelope addressed as follows:

Joshua T. Truesdale, Ph.D., CCNA, CNE
Chief Technology Officer
CIPC Worldwide Holdings Corporation
108 West 13th Street
Wilmington, DE  19801

☒ (BY OVERNIGHT MAIL) I am readily familiar with my firm's practice for collection and processing of correspondence for mailing by placing the document listed above in a sealed envelope and transmitting via overnight delivery addressed as set forth above.

☒ (BY E-MAIL or ELECTRONIC MEDIA) Based on a court order or an agreement of the parties to accept service by e-mail or electronic transmission, I caused the documents to be sent to the persons at the e-mail addresses were as follows: josh@cipccorp.com. I did not receive, within a reasonable time after the transmission, any electronic message or other indication that the transmission was unsuccessful.

☒ I declare under penalty of perjury under the laws of the United States of America that the above is true and correct.

Executed on January 18, 2008, at San Jose, California.

HILARY L. ANGER

**EXHIBIT F**



March 10, 2008

Yumiko Saito
Courtroom 10, 19th Floor
450 Golden Gate Avenue
San Francisco, CA 94102

      Re:    NetSuite, Inc. v. CIPC Worldwide Holdings Corporation (07-cv-05235)

Dear Ms. Saito:

The Court's order of January 22, 2008 granted the motion of McManis Faulkner & Morgan to withdraw in the referenced matter, effective February 29, 2008. In that order the Court required McManis Faulkner & Morgan to notify CIPC Worldwide Holding Corporation ("CIPC") of the effective date of the order, the necessity of CIPC to obtain new representation and the consequences for failure to do so, and that the next case management conference is set for March 28, 2008. McManis Faulkner & Morgan has complied with this order. See Letter to Joshua Truesdale, CIPC dated January 18, 2008, which was electronically filed. Accordingly, please remove reference to McManis Faulkner & Morgan from the Court files and website as attorney of record for CIPC.

Thank you for your attention to this matter.

Respectfully submitted,

McMANIS FAULKNER & MORGAN

*Sharon Kirsch*

SHARON KIRSCH

SK/ha

A PROFESSIONAL CORPORATION     FAIRMONT PLAZA · 10TH FLOOR     TELEPHONE 408. 279. 8700
50 WEST SAN FERNANDO STREET     FACSIMILE 408. 279. 3244
SAN JOSE, CALIFORNIA 95113     www.mfmlaw.com

**EXHIBIT G**

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

CIVIL PRETRIAL MINUTES

Date: 3/28/08

Case No.  C-07-5235 SI          Judge:  SUSAN ILLSTON

Title: NETSUITE INC., -v- CIPC WORLDWIDE HOLDINGS

Attorneys: McMahon          (No appearance by deft)

Deputy Clerk: Tracy Sutton   Court Reporter: n/a

**PROCEEDINGS**

1) Initial Case Management Conference - HELD

2) _____

3) _____

Order to be prepared by:  ( )Pltf  ( )Deft  ( )Court

Disposition : ( ) GRANTED, ( ) DENIED, ( ) GRANTED/DENIED IN  ( ) SUBMITTED
                                              PART

Case continued to __ @ 2:30 p.m. for Further Case Management Conference

Case continued to 7/18/08 @ 9:00 a.m. for Motion to Dismiss
(Motion due 6/15/08 , Opposition 6/28/08   Reply 7/4/08 )

Case continued to __ @ 3:30 p.m. for Pretrial Conference

Case continued to __ @ 8:30 a.m. for Trial (: Days)
Discovery Cutoff:  Designate Experts by: , Rebuttal Experts:, Expert Discovery Cutoff:

ORDERED AFTER HEARING:
Plaintiff shall send out requests for admissions.