

SAN CARLOS BUSINESS PARK
985 INDUSTRIAL ROAD, SUITE 201
SAN CARLOS, CA 94070

MCMAHON SEREPCA LLP

TEL 650-637-0600
FAX 650-637-0700
www.msllp.com

July 3, 2008

Honorable Susan Illston
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

Re:   NetSuite Motion For Terminating And Monetary Sanctions / Summary Judgment;
      *NetSuite, Inc.* v. *CIPC Worldwide Holdings Corporation;*
      US District Court, Northern District of California, Case No. 3:07-cv-05235-SI

Dear Judge Illston:

Plaintiff NetSuite, Inc. ("NetSuite") hereby submits this Letter Reply Brief in support of its *Motion For Terminating And Monetary Sanctions Against CIPC Worldwide Holdings Corporation Or In The Alternative For Summary Judgment* and supporting papers on June 13, 2008 ("Motion") and renews its request for terminating and monetary sanctions or in the alternative for summary judgment against defendant CIPC Worldwide Holdings Corporation ("CIPC" or "Defendant").

CIPC has knowingly disobeyed this Court's orders and blatantly ignored the mandates of this Court's Local Rules the Federal Rules of Civil Procedure. For example, pursuant to this Court's January 22, 2008 Order and Local Rule 3-9(b), Defendant was ordered to obtain new counsel. It has not.

Defendant was required to serve on NetSuite and file with the Court a "change of address" if it moved its offices. It has not, yet NetSuite's Herculean efforts to serve Defendant go unanswered or are kicked back to NetSuite with indications that Defendant is no longer located that address. Similarly, pursuant to Local Rule 7-3(a), Defendant's opposition the Motion was due on June 27, 2008 (*i.e.* 21 days prior to the July 18, 2008 hearing on the Motion). However, Defendant has failed to file or serve any Opposition to NetSuite's Motion.

CIPC was warned by its former counsel that terminating sanctions could be imposed if it did not comply with the Court's January 22, 2008 Order. Despite that warning, CIPC has blatantly defied this Court's orders and its local rules by: (i) failing to retain new counsel; (ii) failing to update its contact information; (iii) failing to participate in the case management process; (iv) failing to provide discovery responses; and (iv) failing to participate in this case in any way whatsoever. Further, Defendant's automatic

<--->
<-->



admissions to NetSuite's Requests for Admissions have removed any genuine issue of material fact as to the causes of action in NetSuite's Complaint and in Defendant's Counter-claim.

For these reasons as well as those stated in its June 13, 2008 Motion papers, NetSuite respectfully requests that its *Motion For Terminating And Monetary Sanctions Against CIPC Worldwide Holdings Corporation Or In The Alternative For Summary Judgment* be granted.

Respectfully,

Peter C. McMahon