IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| NETSUITE, INC., | No. C 07-5235 SI |
| Plaintiff, | **ORDER GRANTING PLAINTIFF'S MOTION FOR TERMINATING AND MONETARY SANCTIONS** |
| v. | |
| CIPC WORLDWIDE HOLDINGS CORPORATION, a corporation, and DOES 1-10, | |
| Defendants. | |

On July 18, 2008, the Court held a hearing on plaintiff's motion for terminating and monetary sanctions, or in the alternative for summary judgment. Nobody appeared on behalf of defendant. For the reasons set forth below, the Court GRANTS the motion.

**BACKGROUND**

On August 29, 2007, plaintiff filed a complaint in state court against defendant CIPC Worldwide Holdings Corporation alleging claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and for quantum meruit. Plaintiff served defendant with the summons and complaint on September 12, 2007 through defendant's registered agent, Business Filings Incorporated ("BizFilings"), in Wilmington, Delaware. Kelly Decl. ¶ 3, Ex. B. On October 12, 2007, defendant removed this case to this Court. At that time, defendant was represented by counsel. On October 17, 2007, defendant filed its answer to the complaint as well as a counterclaim.

On October 17, 2007, defendant's counsel moved to withdraw from this case. On January 18, 2008, the Court granted counsel's motion to withdraw, effective February 29, 2008. The Court's order

directed defense counsel to inform defendant in writing of the following: (1) the Court has granted the motion to withdraw effective February 29, 2008; (2) the necessity for defendant to secure new representation, and the consequences of the failure to do so; and (3) the date of the next case management conference, March 28, 2008 at 2:00 p.m. On January 18, 2008, defense counsel filed a letter addressed to defendant which informed defendant of these matters in accordance with the Court's order. Defense counsel also filed a certificate of service of the letter.

On February 20, 2008, plaintiff's counsel wrote an attorney, Jerry Freedman, who had previously represented defendant (not in this action) to inquire whether Mr. Freedman had taken over representation of defendant. *Id*. ¶ 4, Ex. C. The letter stated, *inter alia*, that plaintiff would presume Mr. Freedman was not representing defendant if Mr. Freedman did not contact plaintiff's counsel on or before February 29, 2008. *Id*. Mr. Freedman did not contact plaintiff's counsel. *Id*. ¶ 5.

On March 3, 2008, after conducting Internet research to locate a possible counsel for defendant, plaintiff's counsel contacted Shafik Bhalloo of Kronfeld Mackoff Silber LLP in Vancouver, British Columbia, because Mr. Bhalloo and his firm were mentioned in a news article about defendant. *Id*. ¶ 6, Ex. D. Plaintiff's counsel asked whether Mr. Bhalloo represented defendant and informed him that there were procedural requirements, including a "meet and confer" between the parties, that needed to be completed by March 21, 2008. *Id*. Mr. Bhalloo responded by facsimile on March 5, 2008, stating that he did not represent defendant, but that he had forwarded plaintiff's March 3, 2008 letter to defendant and that he had asked defendant to contact plaintiff's counsel directly. *Id*. ¶ 7, Ex. E. Plaintiff's counsel never received a response from anyone at CIPC. *Id*. ¶ 8.

Also on March 3, 2008, plaintiff's counsel sent a letter to Joshua Truesdale, defendant's Chief Technology Officer, via mail (at BizFiling's address) and email (josh@cipccorp.com) informing him of defendant's need to secure new counsel and of the need for the parties to meet and confer prior to March 21, 2008 in order to prepare for the March 28, 2008 case management conference. *Id*. ¶¶ 12-13, Ex. E. Plaintiff's counsel also asked Mr. Truesdale to inform him of defendant's current counsel in this case. *Id*. Plaintiff's counsel did not receive an error message indicating that the email transmission to Mr. Truesdale had failed. *Id*. ¶ 13. Plaintiff's counsel never received a response from Mr. Truesdale or anyone at CIPC. *Id*. ¶ 14. Sometime after March 3, 2008, plaintiff's counsel received a notice from

BizFilings that it had resigned with the State of Delaware as the registered agent for defendant effective January 14, 2008. *Id*. ¶ 15, Ex. G.

On March 20 and 21, 2008, plaintiff's counsel filed plaintiff's Certification of Interested Entities and plaintiff's separate case management conference statement with the Court, and served both documents on Mr. Truesdale via email. *Id*. ¶¶ 18, 20. Plaintiff's counsel did not receive any error messages indicating that the email transmissions failed, and plaintiff never received a response from Mr. Truesdale or anyone at CIPC. *Id*. ¶¶ 18-23. Defendant did not file a Certification of Interested Entities or a case management conference statement. On March 28, 2008, the Court held a case management conference. Plaintiff's counsel appeared on behalf of plaintiff, but nobody appeared on behalf of defendant.

On April 17, 2008, plaintiff's counsel served a cover letter and Requests for Admission on defendant at defendant's last known physical address in Canada, and via email to Mr. Truesdale. *Id*. ¶ 25, Ex. H. Again, plaintiff's counsel did not receive an error message indicating that the email transmission failed. *Id*. ¶ 26. The materials sent to defendant's last known physical address were returned to plaintiff's counsel stamped "Moved/Unknown." *Id*. Ex. I. Defendant's responses to the RFAs were due on May 19, 2008. Defendant did not respond to the RFAs.

On June 13, 2008, plaintiff filed a motion for terminating and monetary sanctions, or in the alternative for summary judgment. Plaintiff served the motion on Mr. Truesdale via email; this time, plaintiff's counsel received an error message indicating that the transmission failed. Plaintiff also served the motion on defendant at defendant's last known address in Delaware. Defendant did not file an opposition.

**DISCUSSION**

Plaintiff moves for terminating sanctions due to defendant's failure to comply with Court orders and failure to appear in this case since the withdrawal of defense counsel. Federal Rule of Civil Procedure 16(f) states that a Court may order sanctions as provided in Rule 37(b)(2)(A)(ii)-(vii) if a party or its attorney fails to appear at a scheduling conference or fails to obey a scheduling or other pretrial order. Rule 37(b)(2)(A)(vi) provides for the sanction of rendering a default judgment against

the disobedient party. The Court's decision to impose the sanction of a default judgment pursuant to Rule 37 is reviewed for an abuse of discretion. *See Stars' Desert Inn Hotel & Country Club Inc. v. Hwang*, 105 F.3d 521, 524 (9th Cir. 1997).

Before the Court can enter a default judgment against a defendant for violating an order, the Court must consider "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its dockets; (3) the risk of prejudice to the party seeking sanctions; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." *Hyde & Drath v. Baker*, 24 F.3d 1162, 1166 (9th Cir. 1994) (citing *Wanderer v. Johnston*, 910 F.2d 652, 656 (9th Cir. 1990)). "The first two of these factors favor the imposition of sanctions in most cases, while the fourth cuts against a default or dismissal sanction. Thus the key factors are prejudice and availability of lesser sanctions." *Wanderer*, 910 F.2d at 656.

Here, these factors weigh in favor of entering a default judgment against defendant. Defendant has been on notice since January 18, 2008 of the need to secure new counsel no later than February 29, 2008. Defendant has apparently not retained new counsel, and has made no appearance in this case since its former counsel withdrew. Accordingly, defendant is both in violation of this Court's January 18, 2008 order, as well as Civil Local Rule 3-9(b), which provides that a corporation may appear only through a member of the bar of this Court. Defendant has failed to meet and confer with plaintiff to prepare a joint case management conference statement, failed to appear at the initial case management conference, failed to provide initial disclosures, failed to respond to plaintiff's RFAs, and failed to oppose the instant motion. Defendant's failure to participate in this case has made it impossible for this litigation to proceed. Defendant has been warned that if it failed to secure new counsel it would be subject to the sanction of a default judgment. In light of defendant's complete failure to appear or participate in this case in any way since its former counsel withdrew, there are no lesser sanctions that are available.

**CONCLUSION**

Accordingly, the Court GRANTS plaintiff's motion for terminating sanctions, STRIKES defendant's answer, DISMISSES without prejudice defendant's counterclaim for failure to prosecute,

4

1 and imposes monetary sanctions in the amount of $5,737.74 for fees and costs incurred by plaintiff in
2 filing the instant motion. (Docket No. 36). As discussed at the hearing, plaintiff shall file a motion for
3 default judgment with declarations supporting the amount of the proposed judgment, and the Court will
4 hold a hearing on the motion on August 29, 2008 at 9:00 a.m.

6 **IT IS SO ORDERED.**

8 Dated: July 21, 2008

SUSAN ILLSTON
United States District Judge

5