1  PETER C. McMAHON (State Bar No. 161841)
   PAMELA L. KELLY (State Bar No. 230721)
2  McMAHON SEREPCA LLP
   985 Industrial Road, Suite 201
3  San Carlos, CA 94070-4157
   Tel: 650-637-0600
4  Fax: 650-637-0700

5  Attorneys for Plaintiff
   NETSUITE, INC.
6

7              UNITED STATES DISTRICT COURT

8              NORTHERN DISTRICT OF CALIFORNIA

9                  SAN FRANCISCO DIVISION

10

11 NETSUITE, INC., a California corporation,    )  CASE NO: 3:07-cv-05235-SI
                                                )
12         Plaintiff,                           )
                                                )
13     vs.                                      )  NETSUITE, INC.'S EX PARTE
                                                )  APPLICATION FOR AN ORDER
14                                              )  CONTINUING THE HEARING
   CIPC WORLDWIDE HOLDINGS                      )  ON NETSUITE, INC.'S MOTION FOR
15 CORPORATION, a Delaware corporation,         )  DEFAULT JUDGMENT FROM
   and DOES One through Ten, inclusive,         )  AUGUST 29, 2008 TO OCTOBER 10,
16                                              )  2008; DECLARATION OF PAMELA L.
17         Defendants.                          )  KELLY IN SUPPORT THEREOF;
                                                )  MEMORANDUM OF POINTS AND
18 _____          )  AUTHORITIES IN SUPPORT
                                                )  THEREOF; AND ORDER
19 CIPC WORLDWIDE HOLDINGS                      )
   CORPORATION                                  )
20                                              )
                                                )
21         Counter-Claimant,                    )
                                                )
22     vs.                                      )
                                                )
23 NETSUITE, INC.                               )
                                                )
24         Counter-Defendant.                   )
25                                              )
                                                )
26                                              )
                                                )
27 _____          )
28

EX PARTE APPLICATION AND ORDER

1

## EX PARTE APPLICATION

Pursuant to Civil Local Rule 6-3 of this Court, plaintiff NetSuite, Inc. ("NetSuite") hereby applies to the Court *Ex Parte* for an Order continuing the hearing on NetSuite's Motion For Default Judgment from August 29, 2008 to October 10, 2008 ("Application"). The undersigned counsel was unable to notify defendant CIPC Worldwide Holdings Corp. ("Defendant") because NetSuite does not have any current contact information for Defendant. NetSuite has not sought or obtained any previous extensions of time. Such an extension is timely and is necessary due to the unexpected unavailability of NetSuite's counsel. NetSuite will be prejudiced if its Application is not granted because its counsel will be unable to file its Notice of Motion and Motion within the 35 days required by Civil Local Rule 7-2.

DATED: July 23, 2008                                    McMAHON SEREPCA LLP

                                                        _____
                                                        Pamela L. Kelly, Esq.
                                                        Attorneys for Plaintiff
                                                        NETSUITE, INC.

## DECLARATION OF PAMELA L. KELLY

I, Pamela L. Kelly, declare as follows:

1. I am an attorney at law duly admitted to practice before all courts of the State of California. I am an associate with McMahon Serepca LLP, which represents plaintiff NetSuite, Inc. ("NetSuite") in the above-captioned action. I make this declaration in support of *NetSuite, Inc.'s Ex Parte Application For An Order Continuing The Hearing On NetSuite, Inc.'s Motion For Default Judgment From August 29, 2008 To October 10, 2008* ("Application"), filed concurrently herewith. I have personal knowledge of each fact set forth herein, and, if called upon to testify thereto, I am competent to do so and would do so.

2. McMahon Serepca LLP'S (the "Firm") litigation team consists only of two (2) attorneys – Peter C. McMahon ("Mr. McMahon") and Pamela L. Kelly ("Ms. Kelly").

3. Mr. McMahon is traveling on the East Coast of the United States on a prescheduled family vacation from July 23, 2008 to August 4, 2008.

4. Ms. Kelly, Mr. McMahon's associate, was scheduled to be in the office during his vacation; however, at the end of last week another client of the Firm requested Ms. Kelly's presence to monitor a highly sensitive data collection for a subpoena in another matter.

5. The client requesting Ms. Kelly's presence is located in Taipei, Taiwan and the data collection cannot be rescheduled.

6. Ms. Kelly is leaving the country at 1:31 p.m. on July 23, 2008 and will not return until July 30, 2008.

7. No one else in the Firm could draft and file NetSuite's Notice of Motion and Motion.

I declare under penalty of perjury under that the foregoing is true and correct. Executed on July 23, 2008, at San Carlos, California.

_____
Pamela L. Kelly, Esq.

## MEMORANDUM OF POINTS AND AUTHORITIES

### I. INTRODUCTION

Counsel for plaintiff NetSuite, Inc. ("NetSuite") are traveling and unavoidably unavailable on July 28, 2008, the date that NetSuite's motion papers for its Motion For Default Judgment Against Defendant CIPC Worldwide Holdings Corp. ("Motion") are due. Accordingly, NetSuite respectfully requests that the Court grant its ex parte application to continue the hearing on NetSuite's Motion from August 29, 2008 to October 10, 2008 ("Application").

### II. RELEVANT FACTS

///
///

1  The hearing on plaintiff NetSuite, Inc.'s Motion For Default Judgment against defendant CIPC Worldwide Holdings Corp. is set for August 29, 2008. *See* D.I.[1] 40. McMahon Serepca LLP'S (the "Firm") litigation team consists only of two (2) attorneys – Peter C. McMahon ("Mr. McMahon") and Pamela L. Kelly ("Ms. Kelly"). *See* Kelly Decl.[2], ¶ 2. Mr. McMahon is traveling on the East Coast of the United States on a prescheduled family vacation from July 23, 2008 to August 4, 2008. *Id.*, ¶ 3. Ms. Kelly, Mr. McMahon's associate, was scheduled to be in the office during his vacation; however, at the end of last week another client of the Firm requested Ms. Kelly's presence to monitor a highly sensitive data collection for a subpoena in another matter. *Id.*, ¶ 4. The client requesting Ms. Kelly's presence is located in Taipei, Taiwan and the data collection cannot be rescheduled. *Id.*, ¶ 5. Ms. Kelly is leaving the country at 1:31 p.m. on July 23, 2008 and will not return until July 30, 2008. *Id.*, ¶ 6. No one else in the Firm can draft and file NetSuite's Notice of Motion and Motion. *Id.*, ¶ 7.

### III.   LEGAL ARGUMENT

Pursuant to Federal Rule of Civil Procedure ("FRCP") 6(b), the court may grant an extension "for cause shown" with or without motion or notice if the request is made before the original time expires. *See* FRCP 6(b)(1)(A). NetSuite's Application meets these requirements.

The hearing on NetSuite's Motion is scheduled for August 29, 2008. Accordingly, NetSuite's Application is timely. Further, good cause exists because NetSuite will be prejudiced unless the hearing is continued because there will be no one at McMahon Serepca to file and serve its Motion papers which are due on July 28, 2008[3]. Mr. McMahon is unavailable between July 23, 2008 and August 4, 2008 because of his prescheduled vacation. Ms. Kelly is unavailable due to a last minute request by another client to be present in Taiwan between July 24, 2008 and July 30, 2008.

Finally, the continuance will not prejudice Defendant or negatively affect the schedule for this case. This case is at its end. The Court has already granted NetSuite's motion for

---

[1] "D.I." refers to the Docket Items in the present case.
[2] "Kelly Decl." refers to the Declaration of Pamela L. Kelly In Support Of NetSuite, Inc.'s Ex Parte Application For An Order Continuing The Hearing On NetSuite, Inc.'s Motion For Default Judgment From August 29, 2008 to October 10, 2008, submitted concurrently herewith.
[3] Pursuant to Civil Local Rule 7-2, motion papers must be filed at least 35 days prior to a hearing.

EX PARTE APPLICATION AND ORDER

1 | terminating sanctions, stricken Defendant's answer, dismissed Defendant's counterclaim, and
2 | imposed monetary sanctions against Defendant. The only step remaining is a motion for default
3 | judgment. Given Defendant's failure to appear or participate in this case for more than six
4 | months, continuing the Motion hearing to a later date cannot possibly prejudice Defendant.

### IV. CONCLUSION

For the reasons stated above, NetSuite respectfully requests that the Court grant its Application and continue the hearing on NetSuite's Motion from August 29, 2008 to October 10, 2008.

DATED: July 23, 2008

McMAHON SEREPCA LLP

_____
Pamela L. Kelly, Esq.
Attorneys for Plaintiff
NETSUITE, INC.

EX PARTE APPLICATION AND ORDER

5

**ORDER**

Having considered plaintiff NetSuite, Inc.'s ("NetSuite") ex parte application to continue the hearing on NetSuite's Motion For Default Judgment ("Motion"), and finding good cause therefore,

**IT IS HEREBY ORDERED** that the hearing on NetSuite's hearing Motion is continued from August 29, 2008 to October 10, 2008.

**IT IS SO ORDERED**.

Dated: July ___, 2008

_____
SUSAN ILLSTON
United States District Judge